G. A. FOWLER *et al.* V. J. M. RUSSELL, *as Sheriff of Wabaunsee County, et al.*

1. COUNTY BOARD—*Valid Action as Board of Equalization.* The fact that the county clerk recorded the proceedings of the board of equalization in a journal containing also the proceedings of the board of county commissioners, will not invalidate the action of the board of equalization.

2. ———— *Irregularities in Record; Valid Proceeding.* After the board of equalization had convened, it temporarily suspended action from time to time, and acted as a board of county commissioners, and the record of such action is included with its proceedings as a board of equalization, and in the record of the proceedings of the board of equalization the members of the board are sometimes designated as "the board of county commissioners," and again as "the board;" but the entire record indicates that the action of the commissioners in equalizing the values of property was taken as a board of equalization. *Held,* That the irregularities mentioned are not such as could have misled any tax-payer, nor such as will destroy the validity of their proceedings in equalizing the values of property within the county.

*Error from Wabaunsee District Court:*

INJUNCTION to restrain the collection of certain taxes. Judgment for the defendant sheriff and others, at the June term, 1888. The plaintiff *Fowler* and another bring the case to this court.

*Malcolm Nicolson,* for plaintiffs in error.

*J. B. Barnes,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to enjoin the collection of taxes levied against the plaintiffs in error for the year 1886, upon a herd of cattle that were kept in Maple Hill township, Wabaunsee county. After the cattle had been listed and assessed by the township assessor, the board of equalization met and increased the valuation of all cattle within the township 15 per cent., except those of the plaintiffs in error, the valuation of which was increased 25 per

cent. All the taxes levied on the cattle were tendered by the plaintiffs in error to the county treasurer, except the sum of $34.45, which is claimed to be illegal on account of an unwarranted increase in the valuation by the board of equalization.

The objections to the action of the board are not that it acted without the giving of statutory notice, nor that the valuation placed upon the cattle was unjust or unequal as compared with that placed on other cattle within the county, but they are of a more technical and unsubstantial character. Complaint is made that the proceedings of the board of equalization were recorded in one of the journals of the board of county commissioners, and that the report of the proceedings of the board of equalization on the journal of the board of county commissioners does not create or constitute a record of the board of equalization. And another objection is, that the county commissioners, in equalizing the property of that township, were acting as a board of county commissioners, and not as a board of equalization. The county clerk is made clerk of the board, and is required to keep a record of the proceedings and orders of that board. He is not required to keep a record in a particular form, nor to record the proceedings in any particular book or journal. The report of the proceedings in the present case was recorded in one of the journals provided by the county, and in a portion of which were kept the proceedings of the board of county commissioners. This fact will not invalidate the action taken by the board of equalization. Possibly it would have been more formal and satisfactory to have kept a separate and independent journal for the proceedings of the board of equalization, but it is not essential to the legality of its action. It is sufficient if a true and permanent record is made by the clerk of the proceedings of the board, regardless of whether it is transcribed in an independent book or one which is in part devoted to other purposes.

The objection that the commissioners were not organized as a board of equalization at the time the valuation of plaintiff's

property was changed cannot be sustained. In the record of the proceedings it appears that the commissioners convened as a board of equalization on June 7, as required by law, and that they adjourned from day to day until June 15, when they completed the work of equalization and adjourned *sine die.* It appears from the report of their proceedings that the work of the board was suspended several times between the time of convening and the final adjournment, for the transaction of business as a board of county commissioners; and the record of these matters is also recorded with the proceedings of the board of equalization. Then, again, in the report of the proceedings made by the county clerk, there is some confusion of terms in designating the members of the board. They are referred to as "the board of equalization," sometimes as "the board of county commissioners," and again, simply as "the board." It is true that the board of equalization and the board of county commissioners are distinct tribunals, with different functions and duties, and the confusion of terms in the report of the county clerk is in this respect informal and irregular; but we think not to the extent of defeating their action in equalizing the property of the township, or the taxes levied upon the valuation which they made. The record showing the equalization complained of is found within what is entitled "Proceedings of the Board of Equalization, Wabaunsee County," and, taking the record all together, the change made in the valuation of the cattle in Maple Hill township was manifestly the act of the board of equalization. The records of these tribunals are not always kept with care and precision, and courts are inclined to treat the reports of their proceedings with liberality and indulgence, so far as form and regularity are concerned. In the present case, the board was regularly convened, pursuant to a legal notice, and had complete jurisdiction as such board to change and equalize the values of cattle within the township to the extent which it did. Neither the interruptions in the work as a board of equalization in order to perform some of the functions of a board of county commissioners, nor the fact that the record

which was kept of the proceedings of the board of equalization included some of the business done as a board of county commissioners, could mislead any tax-payer, and we do not think that these, or any of the irregularities mentioned, should destroy the validity of their proceedings.

The judgment of the district court will be affirmed.

All the Justices concurring.