SCHOOL-DISTRICT No. TWO OF THE TOWNSHIP OF
BUCKEYE v. SAMUEL S. CLARK.

*Schools and school-districts—Record of meeting—Parol evidence—
Settlement with defaulting official.*

1. An unsigned record of what purports to be the proceedings had at an annual school-meeting, found in the school-district record, will be presumed to be the record of such meeting.

2. Where the record of an annual school-meeting fails to show that an adjournment was had, but upon a fly-leaf there appears a record of the proceedings of a subsequent meeting, signed by the director, which purports to have been held pursuant to adjournment, and no record appears of any meeting between the two dates, and none is shown to have been held, it is competent to show by parol, in aid of the record, that the annual meeting was adjourned to the date of such subsequent meeting.

3. It is competent for the electors of a school-district, at a regular meeting, to authorize a settlement with a defaulting assessor, and to direct that the full amount due may be paid partly in money and partly in orders of the township, the payment of which is guaranteed by a responsible party.

Error to Gladwin. (Cobb, J.) Submitted on briefs February 5, 1892. Decided March 4, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. L. Prindle,* for appellant.

*W. A. Burritt* and *N. T. Daniels,* for defendant.

MORSE, C. J. At the annual meeting of the school-district (plaintiff) held September 5, 1887, Isaac W. Devore was elected director and Isaac M. Hatch, assessor. The outgoing assessor was George D. Megiveron, and it

was claimed that he had moneys in his hands belonging to the school-district, which he had not paid over to his successor or accounted for. The minutes of the said annual school-meeting in the record-book of the district were not signed by any one, and showed no adjournment whatever. Upon a fly-leaf of the same record-book was found, written in pencil, the following:

"School-House, District No. 2, Buckeye.

"The electors of school-district No. 2, Buckeye, met pursuant to adjournment.

"By Mr. Devore: Resolved, that the district settle with George D. Megiveron, ex-assessor, as follows: That said Megiveron pay to his successor, Isaac M. Hatch, $140 in money and $250 in town orders of Buckeye, payment thereof to be guaranteed by S. S. Clark, to be paid in six months; and that the remainder, if any, be in Buckeye contingent orders. Adopted.

"On motion, meeting adjourned.

"Isaac Devore, Director."

The circuit judge, before whom this case was tried without a jury, found that this meeting was held on the 17th of September, 1887; and that shortly afterwards, and in consequence of the proceedings at this last meeting, the defendant delivered to said Megiveron five orders,—one for $70, drawn upon a certain ditch fund, and four for $50 each, drawn upon the contingent fund of the township of Buckeye. Indorsed upon the back of each of these orders was a guaranty of payment of the date of September 19, 1887, signed by defendant. These orders were delivered on the same day to Isaac M. Hatch, assessor, by said Megiveron, in settlement of the amount of his indebtedness to the school-district to the extent of $250. This suit is brought against defendant upon his guaranty of payment of these orders.

The circuit judge held that the meeting of September 17, 1887, was illegal, and that parol proof could not be received to show that it was an adjourned meeting from

the annual meeting of September 5, 1887; that the plaint-iff could not receive township orders in settlement of its claim against Megiveron; and that the defendant was not estopped from denying his liability to plaintiff.

It appeared that when the defendant turned the orders over to Megiveron, and guaranteed them, Megiveron executed and delivered to him a real-estate mortgage as indemnity for any loss or damage that might result to defendant on account of such guaranty.

The court was wrong in his holding that parol proof could not be received to show that the meeting of September 5, 1887, was duly adjourned to September 17, 1887. Such proof would not have contradicted the record, as the record showed no adjournment at all. The record was manifestly incomplete, and was not signed by any one. Being found in the record-book, it would be presumed to be the record of the annual meeting, as it purports to be, although not so signed. The record of the meeting of the 17th of September, 1887, although written on a fragment of a fly-leaf, was signed by the director, and must be presumed to be the correct record of a meeting held at that date. That record shows that such meeting was in pursuance of an adjournment. As there was no record of any meeting between the two dates, and no proof of any having been held, we think it was competent to show by parol, in aid of the record, that the annual meeting was adjourned to September 17, 1887. *Township of Taymouth v. Koehler*, 35 Mich. 24, 25. This adjournment was a fact omitted to be stated in the record by the neglect of the director, who was the clerk of the meeting.

But it is contended that, if this settlement was authorized by the electors of the district at a legal meeting, still it was unauthorized by law; that it was beyond the power of the district to accept a chose in action in such

settlement; that the only remedy oi plaintiff was a suit upon the bond of Megiveron to collect the amount due from him. It does not appear from the record whether Megiveron ever gave a bond, or whether, in case he did, he or his sureties were responsible. We think that in the case of a defaulting assessor the electors of the school-district may, at a regular meeting, authorize a settlement of the matter, and direct that the amount due may be paid in part by township orders, guaranteed by a responsible party, as was done in this case. In this way a debt might be saved which could not be collected by a suit upon the bond. In this settlement there was no deduction in the amount due from the assessor. He was required to pay the whole of it, part in money, and part in township orders to be guaranteed by defendant. This arrangement was carried out, and defendant has no legal or equitable defense, if the meeting of September 17 was a legal one.

There is no proof in the record that the annual meeting of September 5, 1887, was adjourned to September 17, 1887, as parol evidence was not received for that purpose. For this reason we cannot enter judgment here.

The judgment is reversed, and new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.