## F. S. MARSHALL v. H. C. MURPHY.
### No. 79.

PROMISSORY NOTE—*for loan from public officer as individual, no defense that money was public fund.* Where Marshall, under a contract in writing between himself and Millard and Powell, borrowed a certain sum of money and gave his note to Millard for the same; and, to secure the payment thereof, executed a mortgage on certain property in the city of S.; and thereafter Millard indorsed and delivered said note to Murphy; and on default in the payment of said note at maturity Murphy commenced suit to recover the amount due on said note and for a decree of foreclosure of said mortgage; and in defense of such suit Marshall alleges that Murphy is not the real party in in-

MARSHALL v. MURPHY.     719

Dec. 1, 1896.          Opinion.  Johnson, P. J.          W. Div.

terest, for the reason that the money loaned him belonged to Haskell Township in Haskell County, Kansas, and that the transaction for the loan was on behalf of the township and was therefore unauthorized and void, that plaintiff could not maintain a suit in his own name, and that Marshall could not be held for the payment of said note and mortgage : *held*, that the contract between Marshall, and Millard and Powell for the loan of the money was a contract between individuals ; that the parties contracted on their own account and the giving of the note and mortgage to Millard for the money loaned was to Millard individually ; that the indorsement and delivery of the note to Murphy passed all the right and interest of Millard to said note and mortgage to Murphy ; and that Marshall cannot inquire into the source from which Millard and Powell received the money that was loaned. If Millard and Powell loaned the money belonging to the township they are liable to the township for the money, but Marshall is estopped from denying that the money he received on the loan for which he gave his note was not the money of Millard.

Error from Haskell District Court.  Hon. Wm. Easton Hutchison, Judge.  Opinion filed December 1, 1896.  *Affirmed*.

This action was begun in the District Court of Haskell County to recover on a promissory note and to foreclose a mortgage on real estate securing the same.  The note was given by Marshall, plaintiff in error, to Millard, and by him transferred to Murphy. Marshall erected a flouring mill at Santa Fe, Haskell County.  Millard and Powell agreed in writing to lend him one thousand dollars, signing their names to the contract, " J. F. Millard, Trustee," and " F. M. Powell, Clerk."  Judgment was for the plaintiff and defendant brings the case here.

*Milton Brown*, for plaintiff in error.
*A. J. Hoskinson*, for defendant in error.

JOHNSON, P. J.  The parties did not contract on behalf of Haskell Township, but contracted on their own behalf.  While they signed their names to the instru-

720 MARSHALL v. MURPHY.

S. Dept. Opinion. Johnson, P. J. 5 Kan. App.

ment, as "trustee" and "clerk," the instrument itself is the obligation of the individuals signing it. They executed it as individuals and the terms "trustee" and "clerk" are mere *descriptiones personarum*. If they used money belonging to the township, loaning it to the defendant below, they were liable to the township for the misappropriation of this money ; but the defendant, having received the money of them and executed his note and mortgage in payment of the same, cannot escape liability on the note for the reason that the money loaned to him belonged to Haskell Township. They contracted with him as individuals, let him have the money as individuals, and took his note and mortgage as an individual. It is immaterial to him what consideration Murphy paid Millard for the assignment and transfer of the note. The indorsement of the note by Millard to Murphy passed the title to the note, and all rights that Millard had in or to the note, to Murphy. Marshall, having contracted for the loan of the money with the individuals signing the agreement, having received the money from them and executed his note and mortgage to one of the parties furnishing him the money, cannot inquire into the source from which Millard received the money, and cannot avoid the payment of this note and mortgage for the mere reason that Millard and others loaned him money which they held in trust as officers and loaned him as individuals. He did not give his note and mortgage to them as officers, but to Millard as an individual.

The judgment is affirmed.