(December 6, 1900.)

## FREMONT COUNTY v. WARNER.

[63 Pac. 106.]

SHERIFF—INDEBTEDNESS TO COUNTY—COMPROMISE BY GIVING NOTE—
ULTRA VIRES—ESTOPPEL.—W., being found indebted to the county
upon a settlement of his accounts as sheriff, compromised such
indebtedness by giving his note for a certain sum, with the other
defendants as joint makers.  In an action, upon such note by the
county, defendant pleaded *ultra vires*, that plaintiff had no au-
thority to accept such compromise.  *Held*, that the defendant hav-
ing accepted the benefit of the compromise was estopped from
pleading *ultra vires*.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

Hawley, Puckett & Hawley, for Appellants.

A county in this state is treated as a municipal corpora-
tion, and it is a well-known rule that a municipal corporation
is subject to the same disabilities as ordinary corporations,
in the absence of special statutory regulations.  The supreme
court of Idaho has passed upon the question of the power of
corporations in *Salmon River M. & S. Co. v. Dunn*, 2 Idaho,
26, 3 Pac. 911, and squarely decided that a corporation or-
ganized to mine and smelt ores cannot purchase a chose in
action.  The court therein says: "In every contract there must
be mutuality and therefore parties capable of contracting."
The principle of the case cited as applied to the case at bar
would settle the question involved and render further discuss-
ion unnecessary.  What greater right has Fremont county, a
corporation, to take by execution and delivery a note such as is
involved herein, than had the plaintiff in the case cited to
purchase or take the chose in action therein mentioned?  (*Cur-
rier v. Railroad Co.*, 11 Ohio St. 28; *Commonwealth v. Erie
etc. Co.*, 27 Pa. St. 339, 67 Am. Dec. 471, and note; *St. Louis
v. Weber*, 44 Mo. 544, 100 Am. Dec. 324; *Wheeler v. Board*,
39 N. J. L. 291; *Fire Co. v. Commonwealth*, 75 Pa. St. 291;

*Darst v. Gale,* 83 Ill. 136.) Counties being mere artificial persons, their powers are to be exercised through the agencies provided by law, such as the county commissioners. (*Montgomery Co. v. Barber,* 45 Ala. 237; *House v. Los Angeles Co.,* 104 Cal. 73, 37 Pac. 796; *Frandzen v. San Diego Co.,* 101 Cal. 317, 35 Pac. 897; *People v. Pueblo,* 2 Colo. 360; *Pacific Bridge Co. v. Clackamas Co.,* 45 Fed. 217; *O. S. M. Co. v. Elbert Co.,* 73 Fed. 324; *Murphey v. Napa Co.,* 20 Cal. 497; *Keller v. Hyde,* 20 Cal. 594; *Lebcher v. Custer Co.,* 9 Mont. 315, 23 Pac. 713; *Commercial State Bank v. Antelope Co.,* 48 Neb. 496, 67 N. W. 465; *Lancaster Co. v. Fulton,* 128 Pa. St. 48, 18 Atl. 384; *Alleghany Co. v. Parrish,* 93 Va. 615, 25 S. E. 882.) A board of county commissioners is confined in making contracts to the power expressly granted to it by the statute, and to the implied powers incidental and necessary to the execution of such expressed powers and the performance of the duties enjoined upon it. (7 Am. & Eng. Ency. of Law, 2d ed., 989; *Smith v. Los Angeles Co.,* 99 Cal. 628, 34 Pac. 439; *Hyde v. Kenosha Co.,* 43 Wis. 129.)

F. S. Dietrich, for Respondent.

To appellant's plea of *ultra vires* respondent answers: 1. That under our law the action of the board in question was not *ultra vires;* 2. If such action were *ultra vires,* such defense could not be pleaded by these appellants, who themselves were competent; 3. If such action were *ultra vires,* under the facts and circumstances as shown by the record, the appellants would be estopped from pleading such defense. Contract not *ultra vires.* (*Town v. Mappin,* 14 Ill. 93, 56 Am. Dec. 501; *Agnew v. Brawl,* 20 Am. & Eng. Corp. Cas. 134; *Collins v. Welch,* 58 Iowa, 72, 12 N. W. 121, 43 Am. Rep. 111; *Hall v. Baker,* 74 Wis. 118, 42 N. W. 104, 27 Am. & Eng. Corp. Cas. 208; *Caldwell v. Wright,* 25 Ill. App. 74; *Shanklin v. Commonwealth,* 25 Ohio St. 583, 16 Ohio St. 353, 369, 522; *Scollay v. Butte County,* 67 Cal. 249, 7 Pac. 661; *Buffalo v. Bettinger,* 76 N. Y. 393; *Marshall Co. v. Hanna,* 57 Iowa, 372, 10 N. W. 745.) *Ultra vires* is no defense to competent party. (Par-

sons on Contracts, 369-371; *National Bank v. Whitney*, 103 U. S. 99, 26 L. ed. 443; *Bear River etc. Orchard Co. v. Hanley*, 15 Utah, 506, 50 Pac. 613; *Whitney Arms Co. v. Barlow*, 63 N. Y. 62, 20 Am. Rep. 504.) Defendants are estopped from pleading *ultra vires.* (Clark on Corporations, 179-187; 2 Beach on Corporations, sec. 424.)

HUSTON, C. J.—This action was brought upon a promissory note made by defendants to plaintiff. The case was heard by the trial court upon the following stipulation of facts: "It is agreed that the facts herein involved are as follows: 1. That for the year 1895 and 1896 the defendant J. P. Warner was the duly elected, qualified, and acting sheriff of the plaintiff county. 2. That upon the expiration of his said term of office the plaintiff county made a claim against said defendant Warner for moneys amounting to over $1,000, which it was claimed said defendant had received as such officer, and had not accounted for; that, upon the refusal of said defendant to pay the same, suit was instituted against said Warner, which said suit was pending in the district court of Fremont county at the date of execution and delivery of the note in question. 3. That there was at said time a dispute between plaintiff and said Warner as to how much, if anything, was due from said Warner to plaintiff, and the solvency and financial responsibility of said Warner and his bondsmen were in doubt. 4. That thereupon the attorneys for the respective parties, being authorized so to do, entered into a compromise settlement, by which it was agreed that there was due plaintiff the sum of $525, and said suit should be dismissed in consideration of the defendants agreeing to execute, and executing, an agreement to pay said sum at the time, and in the manner, and upon the conditions, stated and agreed upon in the note set out in the complaint. 5. That, pursuant to said agreement and settlement, defendants executed and delivered said note, and said suit was dismissed. 6. That no part of said note, either principal or interest, has been paid, except the sum of $133.50 paid January 16, 1899, and plaintiff is still the owner and

holder thereof. 7. That forty dollars is reasonable as attorney's fee to be allowed herein, if plaintiff recovers in this action, and as a matter of law an attorney's fee is allowable. 8. The question sought to be raised by this stipulation and the contention of defendant is that said note and transaction was and is *ultra vires,* and the same is therefore not binding, but void. 9. This stipulation may be adopted as the court's finding of fact, and shall be a part of the record, on appeal from the judgment." Upon this stipulation of facts, judgment was rendered by the district court in favor of plaintiff, and against defendants, and from such judgment this appeal is taken.

It is claimed by appellants, first, that the action of the board of commissioners in taking the note of the defendants, in settlement of the claim of the county, was *ultra vires* and void. Without passing upon this question, it is sufficient to say that the defendants were competent parties, and, having received the benefits of the contract, they are now estopped from setting up the defense of *ultra vires.* This rule is so well established, and is consonant with every principle of equity and common honesty, that it needs no citation of authority to support it. Judgment of the district court affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.