THE HOLTON ELECTRIC COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JACKSON, *et al.*, *Appellees*.

No. 15,647.

### SYLLABUS BY THE COURT.

1. TAXATION—*Equalization by County Board—Review.* The action of the board of equalization in equalizing values for taxation, when free from corruption and fraud, is not subject to the revision or control of the courts.

2. ——— *Record of Proceedings of Board.* The record of the proceedings of the county commissioners, when sitting as a board of equalization, should be liberally viewed, and when open to interpretation should be given one that will uphold rather than nullify such proceedings.

3. ——— *Same.* An informal entry of an increase of the valuation of the property of a taxpayer by the commissioners at the time of their meeting for equalizing the valuation of property for purposes of taxation will be deemed to be the act of the board of equalization.

Appeal from Jackson district court; MARSHALL GEPHART, judge. Opinion filed November 6, 1909. Affirmed.

*Charles Hayden*, for the appellant.

*M. A. Bender*, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the Holton Electric Company against the board of county commissioners and the county treasurer of Jackson county to recover $306.45 paid by the company as taxes, under protest, which it alleges are excessive and

illegal. The property of the company was listed as of the value of $3200, and assessed for the purposes of taxation at one-fourth of that value, to wit, $800. At the rates imposed under the levies made upon that valuation the taxes of the company amounted to $46.40. The commissioners, however, raised the valuation from $800 to $6075, which operated to increase the taxes of the company from $46.40 to $352.85. The trial court upheld the increase and decided in favor of the appellees. The legality of the increase is involved in this controversy, and it depends largely upon the capacity in which the board acted when the valuation was raised. On one side it is contended that the action was taken by the board of county commissioners, and, as the value was increased without special notice to the company, it was of no validity. The other side contends that the raise in valuation was the act of the board of equalization, and that no notice was necessary other than the general newspaper notice given by the county clerk of the meeting for equalization.

The evidence shows that the commissioners met as a board of equalization at the proper time, on June 5, 1905, and proceeded to examine returns, interview assessors, and "make such changes in valuation as in their judgment was deemed equitable." Each day the commissioners adjourned to meet the following day as a board of equalization, and so continued from day to day until their work was completed, on June 10, 1905. The record of their proceedings does not set out specifically and in detail their action in increasing and equalizing the taxes of the appellant. There are entries, however, opposite the name of the company on the assessment roll under the head of "Total Amount Value" "800," and then over in another column and under the head of "Valuation as Equalized by Board" "6075," and under a column of remarks is the entry "Raised by Comrs." These entries, although not full and formal, show plainly enough that the commissioners, for the purpose

of equalizing the valuation of the property of the company, increased the returned amount of $800 to $6075. It is argued that the words "Raised by Comrs." indicate that it was done by the board of county commissioners instead of the board of equalization. As the same commissioners act in both capacities, and as the action was taken by them at the time of equalization and in connection with the equalizing of taxing values, the record is fairly open to the interpretation that the increase was made when the commissioners were acting in the capacity of a board of equalization. Such records are to receive a liberal interpretation, and, if possible, one which will sustain rather than nullify the proceedings of the board. (*Fowler v. Russell,* 45 Kan. 425; *Symns v. Graves,* 65 Kan. 628.)

Complaint is made that the chairman of the board was permitted to testify that when the informal entry was made the commissioners were sitting in the capacity of a board of equalization. The testimony of the record alone was probably sufficient, but that given by the chairman supplemented and made clearer a brief and somewhat obscure entry, and in no event can it be considered prejudicial error. (*Rock Creek Township v. Codding,* 42 Kan. 649.)

As the board of equalization may, in its discretion, fix its own rules for obtaining testimony and gaining information as to the values of property, much of the testimony proposed by the appellant was immaterial. It has been decided that "in equalizing the valuation of tracts of real estate the county board of equalization is not required to examine witnesses, or to resort to any particular class of evidence. It is its own judge of what it will rely on in making its orders, and its conduct will not be controlled by the courts unless it acts corruptly, or in a manner so oppressive, arbitrary or capricious as to amount to fraud." (*Symns v. Graves,* 65 Kan. 628, syllabus.) The same rules apply to the equalization of the values of personal property, and

there was no attempt made to show that there was any fraud in the action of the board in this instance.

There was no occasion for an inquiry as to whether the board considered other property than that returned to the assessor. In the defendants' answer it is specifically alleged that the company had listed all of its personal property in the county, and that the same was by the assessor valued at $3200 and assessed for taxation at $800. The reply contained no denial of this averment, and hence there was no room for the contention that the valuation was increased because of added property.

No substantial error is found in any of the rulings, and therefore the judgment of the district court is affirmed.