## GILMER v. SCHOOL DIST. NO. 26, NOBLE COUNTY.

No. 3276.　Opinion Filed November 25, 1913.

(136 Pac. 1086.)

EVIDENCE—Minutes of Annual School Meeting—Parol Evidence. Where a motion was made and carried at an annual school meeting, authorizing the· district school officials to sell some piles of second-hand lumber, it is competent to show such action of the assembled voters by parol evidence, where the minutes fail to make any mention of the same, and where such minutes show on their face that they are a mere abstract or synopsis of what. occurred at the meeting.

(Syllabus by Brewer, C.)

*Error from County Court, Noble County;*
*L. B. Robinson, Judge.*

Action by School District No. 26, Noble County, Oklahoma, against L. A. Gilmer.　Judgment for plaintiff, and defendant brings error.　Affirmed.

*Henry S. Johnston,* for plaintiff in error.

*H. E. St. Clair,* for defendant in error.

Opinion by BREWER, C.   The defendant in error sued L. A. Gilmer in a justice of the peace court to recover $13.25 for second-hand lumber alleged to have been sold to him by the district at public auction.   It appears that a windstorm wrecked a wooden school building so that it had to be torn down and a new one built, and the lumber in suit is a portion of the wreckage which was not used in the new building and which with other lumber of like character was sold by the district at a public auction on the school ground pursuant to proper advertisement.   The case was tried in the county court without a jury, and judgment for the amount claimed was awarded against defendant Gilmer, who brings this appeal and relies on two propositions:   First, that it was not shown that the school district officials were authorized to sell the property by the voters of the district.   Second, that if there was authority to sell, the sale was illegal because defendant was a member of the school board.

1.   The court found, and there is no doubt in our minds from reading the record, that the voters of this district assembled at the annual school meeting did authorize the district officials to wreck the old building and to use such of the old material as was practicable in the new one, and to dispose of the remainder; however, the minutes of the annual meeting are silent as to the disposition to be made of the old lumber.   The minutes show that the schoolhouse was to be torn down and the old lumber piled up, and that a new house was to be built at the place.   The court permitted a witness to testify that, on motion duly seconded at the school meeting, it was declared that the old lumber should be used in the new building so far as practicable, and that such as could not be used should be sold.   The chairman of the meeting and others corroborated this evidence.   So the point is this: Is it competent to show by parol that a certain affirmative action was taken by the assembled voters, of which no minute was made by the clerk?   It is not sought to contradict any of the record that was made, but merely to show that an action was taken which the clerk failed to make any mention of at all.   The minute made by the clerk appears on its face to be a mere brief abstract of what the clerk conceived to be the substance of the various

things done at the meeting. Nothing like a report in full of the proceedings is attempted. The clerk on the stand stated that he merely tried to get down the substance of motions and the actions of the meeting as he understood them. In the case of *Rock Creek Township v. Codding,* 42 Kan. 649, 22 Pac. 741, which seems to have been a very similar case to the one at bar, the syllabus reads:

"Where only a brief abstract of the proceedings of a township board is entered of record, and the question arises as to what the action of the board was, parol evidence is competent to supplement the record, and to show all its acts and proceedings."

And in the body of the opinion, after discussing the matter somewhat, it is said:

"We think it was competent to show by parol evidence the resolution which was adopted and also to show who was directed to purchase the material for the bridges. Neither the statute quoted nor any other renders any act or proceeding of the board void because it is not recorded, nor makes the record of the board the only evidence of their actions"

—citing *Gillett v. Com'rs of Lyon Co.,* 18 Kan. 410; *Railroad Co. v. Tontz,* 29 Kan. 460; *Railroad Co. v. Com'rs of Stafford Co.,* 36 Kan. 121, 12 Pac. 593; *State ex rel. v. Com'rs of Pratt Co.,* 42 Kan. 641, 22 Pac. 722. The same may be said of the statute in the instant case: section 8087, Comp. Laws 1909 (Rev. Laws 1910, sec. 7800), which provides that the clerk, if present, and if not any voter who may be selected, shall certify the proceedings of the district meeting, is no broader than the Kansas statute mentioned.

We believe, under the circumstances of this case, it was competent to show that the action claimed was in fact taken, and that the clerk of the meeting failed to notice same in his minutes. These memoranda of the proceedings of an annual school meeting, which are to be made by the clerk of the district, if present, and if not by any other voter chosen by those assembled, cannot and ought not to have the same force and conclusive effect as court records, written agreements, etc., and while it is not permissible to contradict the record made, and if on its face it purports to be an accurate, full report of the proceedings,

it probably could not be explained by parol evidence, yet where on its face it is merely a crude abstract or synopsis of what transpired, we see no objection in permitting it to be clearly shown by parol that a thing was done and no mention made of it. As said in the case above, while it requires the authority of the voters for the performance of certain things, by the school officials, yet there is nothing in the law that requires the authority to be found in a record of the proceedings. It is the assent of the voters, properly expressed, that constitutes the authority. If it can be clearly shown that such authority was in fact conferred, and the clerk merely overlooked, or deemed it unimportant to mention the same, it seems, especially where the parties have acted upon such authority in good faith, that the mere omission of the clerk should not be allowed to render the action illegal.

The following authorities are more or less in point: *School Dist. No. 2 v. Clark,* 90 Mich. 435, 51 N. W. 529; *Indianapolis v. Imberry,* 17 Ind. 175; *School Dist. v. Atherton,* 12 Metc. (Mass.) 113; *Morgan v. Wilfley et al.,* 71 Iowa, 212, 32 N. W. 265; *Electric Co. v. Bd. Com'rs,* 81 Kan. 8, 105 Pac. 453; *Austin v. Allen,* 6 Wis. 134; Beach on Pub. Corp. vol. 2, sec. 1298.

2. On the second point, we deem it sufficient to say that the evidence to our minds fails to show that the defendant was a member of the school board at the time he bought the lumber. The defendant on the stand, when asked if he was present at the annual school meeting, replied that he was not; that if he had been there he would have presided, as at that time he was director. This is the only evidence tending to show that he was a member of the board, some months later, when he bought the lumber. Besides, it would seem that the defendant, having bought the lumber and carried it off, was estopped, when sued for its value, from asserting that it was illegal for him to become a purchaser. *Shawnee Nat. Bank v. Purcell Whole. Gro. Co.,* 34 Okla. 34, 124 Pac. 603, 41 L. R. A. (N. S.) 494; *Fremont County v. Warner,* 7 Idaho, 367, 63 Pac. 106; *Marshall v. Murphy,* 5 Kan. App. 718, 46 Pac. 973; *McKinnis v. Scottish Amer. Mtg. Co.,* 55 Kan. 259, 39 Pac. 1018.

The cause should be affirmed.

By the Court: It is so ordered.