## Davis *et al. v.* Lawson *et al.*

*(Knoxville,* September Term, 1937.)

Opinion filed Oct. 6, 1937.

PHILLIPS & HALE, of Rogersville, for appellants Horace L. Davis et al.

W. T. COLEMAN, of Morristown, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

On the 20th day of March, 1937, the Hawkins County Board of Education met in a session adjourned from March 11th, a day fixed by statute for regular meetings of the board (Code, sec. 2320), and, a quorum being present, by an undisputed majority vote elected as teachers in the public schools of the county the parties named as complainants in this bill, to serve as such teachers in the positions set forth in the bill for the ensuing scholastic, 1937-1938, term. Complainants at once accepted the positions designated and so advised the board.

On the 30th day of March following four of the seven members of this board were ousted from office by a judgment of the circuit court, and immediately four other members were elected to the board in their stead. On April 5th the board, as thus newly constituted, met and adopted a motion to rescind the action taken on the 20th of March, electing complainants as teachers. Thereupon, on April 10th, this bill was filed showing these facts and alleging the contractual rights of complainants

to hold the said positions to which they had been duly elected, and charging that, unless restrained, the new board would proceed to elect other teachers, involving the county's school administration in confusion and embarrassing them in the performance of their duties and the collection of their rightful emoluments. They prayed for an injunction and a decree sustaining them in their contractual rights.

A demurrer was interposed by the defendants, the persons constituting the board when the action stated was taken on the 5th day of April, challenging the validity of the election of complainants on the grounds, in substance, (1) that the election of complainants on March 20th was premature because the board was not authorized by law to appoint or elect teachers before a school budget had been presented to the county court and its action had thereon providing revenues to meet same; and (2) that the contracts of employment were incomplete and not binding because (a) no contracts in writing had been executed between the parties, as provided for by Code, section 2340, and (b) no compensation had been at the time named or fixed. It was insisted that for these reasons and in this situation it was within the power of the board on April 5th to rescind the attempted contracts of employment and that the action thus taken was valid and binding.

The chancellor overruled the demurrer and sustained the bill and injunction. An appeal was granted to this court. The errors assigned here raise substantially the same questions made by the demurrer, as above stated.

1. *The action of March 20th was not premature.* The provision for submission of a budget referred to is in subsection (14) of Williams' Code, section 2325 (Code

1932, section 2325, subsection 14), setting out the duties of county boards of education. One of these duties of the boards is; "To require the county superintendent and chairman of the county board to prepare a budget on forms furnished by the commissioner of education, and, when said budget has been approved by the board, to submit the same to the quarterly county court at the April term." It will be observed there is no prohibition against the election of teachers by the board before the adoption of such budget. But, whatever uncertainty, if any, may have theretofore existed as to the duty, or power, of the board of education to elect or employ teachers for an ensuing year before the submission of a school budget to the county court and its action thereon, has been, we think, definitely set at rest by provisions of the act of the Legislature passed at the 1937 session (chapter 127) entitled, "An Act to provide appropriations for the Educational System of this State and to provide regulations governing the disbursement thereof."

Doubtless in recognition of evils incident to delayed annual selection and employment of teachers in the public schools of the State, resulting in uncertainties embarrassing to teachers and leaving open the way for possible political manipulations and log rolling, and consistent with other regulations and requirements provided for by the new legislation of 1937, the new act above mentioned expressly requires that "all boards of education in counties participating in the funds herein appropriated, other than the per capita fund, to elect all public elementary teachers and principals on or before May 1, next preceding the scholastic year for which such teachers shall be employed." Section 3 (a). Not only

are such boards thus required to act "on or before May 1st," but by clear implication the date of the election of ·teachers is not dependent for validity upon action having been previously taken in or by the county court touching a school budget, or incidental provisions for revenues. Moreover, the bill alleges, conceded by the demurrer, that "a tentative school budget was submitted to and adopted by the County Court of Hawkins County at its April term 1937, which provides for salaries in keeping with complainant's employment, and that their employment will not dislocate the tentative budget so fixed and adopted." In view of provisions set forth in the act of 1937 regarding the State appropriation for teachers salaries, it is apparent that no more than a "tentative budget" could have been adopted before May 1st, the final day fixed for the election of teachers.

█ 2. *The contract of employment was not incomplete.* This contention, as already indicated, is rested on two grounds. First it is said that written contracts had not been executed between the teachers and the county board acting through its superintendent and chairman. The law invoked is found in section 2340 of Williams' Code (Code 1932, section 2340), and the language is: "All teachers must make a written contract with the county board of education at a fixed salary per month *before entering upon their duties in any public elementary or high school.* Said contracts shall· be in such form as may be furnished by the commissioner of education and shall be signed in duplicate, each party holding a copy. Failure to comply with the provisions of this section by either or both parties shall subject the teacher and the County Board of Education to a fine of not less than .

twenty-five dollars.'' We have italicized words particularly pertinent to the insistence here made.

In *Morton* v. *Hancock Co.*, 161 Tenn., 324, 329, 30 S. W. (2d) 250, 252, this court, construing the provision relied on, held that the execution of the written contract was not essential, and said: ''It is not the ministerial act of signing that makes the contract. The writing is but the evidence of the agreement.'' The case of *Collins* v. *Janey,* 147 Tenn., 477, 485, 249 S. W., 801, was cited in support of this holding. The court continued with the following language: ''There is no provision in the act declaring contracts void unless reduced to writing and signed by the parties, or that a contract shall not be binding until reduced to writing and signed.'' The probable purpose of requiring this written memorandum of the contract to be executed before the teacher begins work is to safeguard against controversies growing out of misunderstandings or faulty memories. But the only penalty provided for an omission in this regard is a fine. Moreover, by the passage of the act of 1937 all doubt is removed on this point, since teachers are expressly required to be elected before May 1st, while it is expressly provided that the exact salaries shall be subsequently fixed by the State authorities. The signing of the memorandum would naturally follow the final fixing of the salaries.

■ In the second place, it is said that the contract, if otherwise legally entered into by the action of the board on March 20th, and the acceptance by the teachers, was not binding because lacking in the essential that the consideration or compensation was not fixed at that time. It may properly be conceded that this is generally an essential element of a complete contract of employment.

But this lack is adequately and legally supplied by the act of 1937, which provides for a uniform state-wide schedule of salaries for teachers, to be fixed by general State authorities, and further provides that *subsequent* to the election or employment,—"on or before May 1st," —of the teachers in each county lists thereof shall be furnished to the State authorities, who shall finally fix the compensation of all such teachers under the State law calling for uniformity according to grades and qualifications, etc., and according to the funds which may be made available.

This having been the law on March 20, 1937, when the complainants were elected or employed (the terms being used interchangeably in the act of 1937), it must be presumed that they accepted such employment with these provisions in mind, and this implied agreement for the subsequent fixing of their compensation is ratified by the filing of this bill. It appears that most of the complainants had served in the same position in previous years and knew their duties and could approximate the probable salaries.

In concluding his argument in this court, learned counsel for appellants thus summarizes his contentions on this appeal: "First, that said contract was void because made before the quarterly Court of Hawkins County adopted the budget and provided revenues to meet same. Second, that said contract was and is voidable because incomplete."

It will be observed that this opinion has been directed to a consideration of both these insistences, and for the reasons indicated the assignments of error must be overruled and the decree of the chancellor affirmed.