## CAGLE et al. v. WHEELER et al.—242 S. W. (2d) 338.

Eastern Section. April 26, 1951.

Petition for Certiorari denied by Supreme Court, August 31, 1951.

Carlyle S. Littleton, of Chattanooga, for plaintiffs in error.

O. W. McKenzie and C. P. Swafford, both of Dayton, for defendants in error.

McAMIS, J. These cases, tried together in the Circuit Court and here on a single transcript, are actions for breach of contract against the incumbent Superintendent of Education and Board of Education of Bledsoe County. From adverse judgments awarding damages defendants have appealed.

On a former day, a judgment was entered striking the assignments and affirming the judgments because the assignments of error were not filed within the time allowed by rule 11 of this court. Later, plaintiffs moved to dismiss the petition to rehear and filed as an exhibit to the motion a certified copy of a resolution passed by the County Court of Bledsoe County requesting that the petition to rehear not be considered by this court.

Because of the insistence of counsel for defendants that the County Court has no authority to control the course of the litigation and to enable us to determine the merits of the cases without regard to the technical violation of Rule 11 by filing the assignments one day late, we granted the petition to rehear and the cases have been briefed and argued on the merits. The County has made no further attempt to intervene by offering to pay the judgments or otherwise.

The record shows that the term of office of the members of the School Board of Bledsoe County expired August 31, 1948 when a new Board created by legislative act assumed office. Plaintiffs Ellison Wheeler, James Taylor, William Kizzar, Blake Hale and Percy Lee claim to have been employed by the old Board as bus drivers for the 1948-1949 school term. Plaintiff Floyd Wise claims to have been employed as janitor and plaintiff Willie Farmer claims to have been employed as maintenance man for the same term by the old Board.

The minutes of the old Board reflect the following action:

"Pikeville, Tennessee, August 10, 1948. Bledsoe County School Commission met on above date in called session with all members present.

"The date for opening schools as previously set for August 9th was postponed indefinitely because a school budget has not been adopted by the County Court.

" (Here followed election of a number of teachers not material to the present controversy.)

"On motion of Brown and Rigsby, Willie Farmer was elected as maintenance man for County school buildings.

"On motion of Rigsby and Brown the following bus drivers were elected as follows:

"Ellison Wheeler—Sunnyside—Pikeville.

"James Taylor—Patten.

"William Kizzar—Brayton.

"Percy Lee—Brayton—Pikeville."

The minutes of a Board meeting held August 31, 1948, show that plaintiff Blake Hale was elected to replace Landon Brown previously elected "as Lusk bus driver."

On or about August 18, 1948, all of the plaintiffs who claim to have been employed as bus drivers accepted employment by letter addressed to the Board of Education, for the particular routes to which they had been elected. (Blake Hale accepted employment as bus driver for the Lusk school bus run on August 31, 1948.)

The record also reflects similar minute entries showing the election of Floyd Wise as janitor and Willie Farmer as maintenance man followed by written acceptance of employment by them, respectively.

The new Board refused to recognize plaintiffs as employees of the Board and replaced them by others following the adoption by the County Court of a budget within a few days after September 1, 1948. It appears that no complaint was made by the new Board as to the fitness of plaintiffs to discharge the duties to which they had been assigned by the old Board and that the schedule of

salaries adopted by the new Board was substantially the same as that of the old Board.

The trial court found that plaintiffs were elected to and accepted places with the Bledsoe County Board of Education for the school term 1948-1949; that the jobs to which they were elected were necessary to the proper operation of the schools; that most of the plaintiffs had occupied the same jobs during the preceding school year; that they were reelected in good faith by the old Board and were discharged without reason and others employed to take their places by the new Board. We concur in these findings.

The record further shows, as found by the trial judge, that the old Board seasonably prepared and submitted to the County Court a school budget for the year 1948-1949 including provisions for the services of bus drivers, janitors and maintenance men. However, the County Court met and adjourned its July term without approving a school budget, notwithstanding the schools of Bledsoe County usually began about the first of August. As shown by the minutes above quoted the Board deferred the opening of school when it met in August because of the failure of the County Court to adopt a budget which, as found by the trial judge, was due to no fault of the old Board and resulted in an emergency which was not of their creation.

Based upon these findings, the trial judge awarded each of the bus drivers a judgment for $450 and costs or one-half the contracted salary of $100 per month for a term of nine months. Floyd Wise who claimed a contract for $125 per month for nine months was awarded a judgment for $585.99 and costs. Willie Farmer who claimed a contract salary of $190 per month as maintenance man was awarded a judgment for $1,000 and costs.

██ We find no merit in the insistence of defendants that the action of the old Board in electing plaintiffs is to be held void because no budget had been adopted by the County Court. By Chapter 8, Section 15, Public Acts of 1947, it was the duty of the Board, without regard to the adoption of a school budget by the County Court, "to elect all public school teachers, principals, *and other school personnel* on or before the first day of May next preceding the scholastic year for which such personnel shall be employed." (Emphasis ours.) Though later repealed by Section 36, Ch. 9, Acts of 1949, this statute was in effect on the date of the contracts.

Under this Statute, we think, action involving the election of "other personnel" is to be assimilated to action by a county board of education in electing school principals and teachers, in reference to which our Supreme Court has said: "Doubtless in recognition of evils incident to delayed annual selection and employment of teachers in the public schools of the State, resulting in uncertainties embarrassing to teachers and leaving open the way for possible political manipulations and log rolling, and consistent with other regulations and requirements provided for by the new legislation of 1937, the new act above mentioned expressly requires that 'all boards of education in counties participating in the funds herein appropriated, other than the per capita fund, to elect all public elementary teachers and principals on or before May 1, next preceding the scholastic year for which such teachers shall be employed.' Section 3(a). Not only are such boards thus required to act 'on or before May 1st,' but by clear implication the date of the election of teachers is not dependent for validity upon action having been previously taken in or by the county court touching a school budget, or incidental

provisions for revenues." Davis v. Lawson, 172 Tenn. 13, 108 S. W. (2d) 1095, 1096.

After pointing out that a budget was later adopted by the County Court providing for the salaries of teachers and "that their employment will not dislocate the tentative budget", the Court sustained actions on the contracts.

The effect of the Act of 1947 was to extend the provisions of the Act of 1937 to make it the duty of school boards, in addition to the election of principals and teachers, to employ other school personnel on or before May 1st. As held by the Supreme Court in Davis v. Lawson, supra, the duty of the Boards in this respect is not dependent upon the adoption of a school budget though it may be that if the County Court had never adopted a budget no action could be maintained upon contracts entered into by school boards. In this case, by the undisputed evidence, a budget was subsequently adopted.

■■ We do not find that the evidence preponderates against the finding of the trial judge that the election of personnel in this case was in good faith. Whether or not the delay in selecting personnel for the positions here involved was due to a desire on the part of the Board to cooperate with the County Court in the matter of the adoption of a budget, the Act of 1947 made it the duty of the Board to take this action before May 1st and, having failed to take timely action, it was the duty of the Board to make selections so that when and if a budget should be adopted personnel would be available to insure the efficient operation of the system of transportation necessary in the operation of rural schools. There is no proof that the old Board was actuated by any other purpose.

■ It is insisted, however, that even if done in good faith the minutes of the Board fail to reflect the essential elements of a contract such as the term of employment, the salaries to be paid or the nature and character of the work to be performed. The argument is, as we understand, that the action of school boards can only be established from the minutes of such boards. Such is the general rule but it is not to be applied in a manner to exclude parol evidence which supplements but does not contradict or vary the terms of the minutes of such boards. Parol evidence of the latter kind is receivable unless the law expressly and imperatively requires all matter to appear of record and makes the record the only evidence. City of Denver v. Spencer, 34 Colo. 270, 82 P. 590, 2 L. R. A., N. S., 147, 7 Ann. Cas. 1042; Ross v. City of Madison, 1 Ind. 281, 48 Am. Dec. 361; Gilmer v. School District No. 26, 41 Okl. 12, 136 P. 1086, 50 L. R. A., N. S., 99; Ann. 9 A. L. R. 1244.

In Morton v. Hancock County, 161 Tenn. 324, 327, 30 S. W. (2d) 250, 252, the resolution of the Board upon which the complainants relied read: "Resolution passed in favor of hiring Sneedville H. S. faculty again. Adjourned to Feb. 19th." At a later meeting the salaries of the complainants were fixed. While the contention here advanced seems not to have been made in that case, the court held that the minutes of the board coupled with a letter of acceptance constituted a valid contract notwithstanding the statute "contemplated" the execution of written contracts covering the employment of teachers.

In this case, as we have indicated, the action of the Board was merely to re-elect, with one or two exceptions, personnel already employed by it and the evidence clearly shows without substantial dispute that the parties had

in mind the duties to be performed, the term of service and the salary to be paid. It was due to no fault of plaintiffs that the Board failed to do more than record in abstract form the proceedings upon which their private rights depend. Justice would seem to require that they be permitted to show by parol the details of the employment about which there is no dispute in the evidence.

While the judgments may be sustained on the authorities cited, it is not without significance that by the resolution of the County Court directing the withdrawal of the petition to rehear to which we referred at the outset of this opinion, the County Court which must provide funds for the payment of the judgments rendered and which is the supreme authority of the County does not now desire to defeat the judgments on this ground.

 It is mildly insisted that the judgments are excessive but we do not so find.

It results that all assignments are overruled and the judgments affirmed with costs.

Hale and Howard, JJ., concur.