# HORNIG *v.* CANBY.*

### (188 Pac. 700.)

**Master and Servant—Compensation Act not Applicable to Municipality; "Employer."**

1. A municipality was not an employer within the Workmen's Compensation Act in force December 23, 1916.

**Municipal Corporations—Ordinance Unnecessary for Hiring Employee.**

2. ' A charter provision, relieving a town from liability on a contract not authorized by city ordinance and made in writing, applies only to contracts for work to be let after notice, and does not require an ordinance for a contract authorizing the engineer of the town waterworks to employ his father in his absence.

**Evidence—Parol Evidence can Add to Minutes of Contract of Hiring of Municipal Employee.**

3. Where the council minutes recited merely the appointment of a waterworks engineer, oral evidence was admissible. to show an agreement that the engineer might procure the services of his father when he was absent.

**Master and Servant—Evidence Held Sufficient to Take Question of Employment to Jury.**

4. Minutes of a council meeting, appointing plaintiff's son as waterworks engineer, and oral testimony that it was agreed at the meeting that the son might employ plaintiff in his place when absent, *held* sufficient to take to the jury the question whether or not plaintiff was an employee of the town when injured.

**Master and Servant—Finding of Negligence Held Warranted.**

5. Where plaintiff was injured by his clothing catching on the key which fastened the fly-wheel to its shaft near the pulley he was adjusting, the jury could find the employer negligent in violating the Employers' Liability Act, which required it to use every care and precaution which might have been used without impairing the efficiency of the machinery to protect employee from injury.

From Clackamas: GEORGE G. BINGHAM, Judge.

Department 1.

The substance of the complaint is that the town of Canby maintained a pumping plant to supply its in-

*On applicability of Compensation Acts to states, counties, cities, districts, charitable and other public institutions, and their employees, see notes in L. R. A. 1917D, 143; L. R. A. 1918F, 190.

REPORTER.

habitants with water; that in the plant there was a shaft which reached to within about a foot of the wall; and that on the shaft, beginning at the wall, there was first a pulley to receive an eight-inch belt, and then two inches from the pulley a fly-wheel was fastened to the shaft by a protruding key. On November 6, 1916, the municipality employed the plaintiff's son to operate the engine of the waterworks for the remainder of the year. It is claimed by the plaintiff that one of the terms of the employment of the son was that in his temporary absence at any time the plaintiff should be installed in his place; that the son was necessarily away about December 23, 1916, on account of which the plaintiff was in charge of the machinery, being employed by the son for that purpose on behalf of the defendant; that while endeavoring to put on the belt to start the machinery he was compelled to stoop over the pulley, and that in doing so his clothing caught on the key mentioned, whereby he was injured.

The answer denies the liability of the municipality, contending that the plaintiff was a trespasser and operated the machinery without authority; that he was well skilled as a machinist, and, on account of taking charge without any right to do so, he assumed the risk of the operation, and further, that the accident which he suffered was due entirely to his own carelessness. Lastly, it is said that the town was operating under what is known as the Workmen's Compensation Act (Laws 1913, p. 188), which, as it contends, exonerates it from liability in damages. This last defense was assailed by demurrer, which the court sustained. The other matter was put at issue by the reply, and a trial resulted in a judgment in favor of the plaintiff. The defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Hammond & Hammond* and *Mr. J. E. Hedges,* with oral arguments by *Mr. William Hammond* and *Mr. Hedges.*

For respondent there was a brief with oral arguments by *Mr. C. Schuebel* and *Mr. L. Stipp.*

BURNETT, J.—1. The demurrer to the defense based on the Workmen's Compensation Act was properly sustained, for as the law then stood, a municipality was not an employer within the meaning of the statute.

2. The principal question for our decision is whether or not there was any liability on the part of the town, inasmuch as there was no ordinance authorizing the employment of the plaintiff. The charter contains this provision:

"Canby is not bound by contract, or in any way liable thereon, unless the same is authorized by a city ordinance, and made in writing and signed by the mayor and recorder in behalf of the city; but an ordinance may authorize any officer or agent of the city naming him to bind the city without a contract in writing, for the payment of any sum not exceeding $100."

It is not pretended that any ordinance was adopted by the council authorizing the employment of the plaintiff. Employment, indeed must rest in contract, and the contention of the defendant is that authority for making the contract of employment upon which the plaintiff relies must be traced directly or indirectly to some city ordinance. This would seem to be a plausible construction of the charter provision above quoted, but, in *Beers* v. *Dalles City,* 16 Or. 334 (18 Pac. 835), the court had under consideration a section of the charter of that municipality identical in language

with the one mentioned in the charter of the defendant. In an opinion by Mr. Justice Strahan in that case this language occurs:

"That section was designed to apply to those cases and only to those where an ordinance is required by the charter and where the work is expressly required to be let * * after notice, as in Section 86 of the charter."

According to that case, under the doctrine of *stare decisis,* it was not necessary to have an ordinance to authorize making a contract with the plaintiff for his services as substitute for his son, who was the regular employee in charge of the pumping station.

3. The minutes of the council meeting contain only this about the employment of the son under date of November 6, 1916:

"Motion made that Kenneth Hornig be appointed to operate the engine of the waterworks for the remainder of the year, at $16.00 per month. Carried."

Supplementing this, the plaintiff introduced oral testimony of individuals present at the meeting, to the effect that it was agreed that young Hornig should be employed, and that he should procure the services of his father in his place when he was absent. This supplemental testimony, varying the journal record, was justified by *Stout* v. *Yamhill County,* 31 Or. 314 (51 Pac. 442), holding in effect that a party contracting with a County Court is not bound to see that the full terms of the contract are entered on the journal of the court.

4. There was enough testimony, therefore, on this point to take to the jury the question of whether or not the plaintiff was in the employ of the municipality at the time of the accident.

5. This being true, the way was open for the jury to find that the town was negligent in violation of the

Employer's Liability Act (Laws 1911, p. 16), in that it did not use every care and precaution which might have been used without impairing the efficiency of the plant, to prevent the plaintiff's clothing from catching upon the exposed key and causing his injury.

The assignments of error are centered about the proposition that the section of the charter referred to prevents the employment of the plaintiff unless the right to engage him can be derived mediately or immediately from an ordinance. The Beers case forecloses this contention, and the result is that the judgment must be affirmed.       Affirmed.

McBride, C. J., and Benson and Harris, JJ., concur.