ALMERIN GILLETT V. COMM'RS OF LYON COUNTY.

1. ACTION AGAINST COUNTIES; *When May be Brought.* Where a claim against a county for money, is properly presented to the board of county commissioners, and they fail or refuse to take any action thereon, or, taking action thereon fail or refuse to allow the same, the claimant may then commence an original action thereon against the county for the amount of his claim.

2. ———— And in such action, it is not necessary that the plaintiff should set forth in his pleading that he had previously presented his claim to the county board for their allowance. Such presentation does not constitute any part of the plaintiff's cause of action.

3. COUNTY COMMISSIONERS' RECORD; *Evidence; Unrecorded Proceedings.* Ordinarily the records of the county commissioners furnish the best evidence of the acts and proceedings of such officers; but when such acts and proceedings amount in law to a contract, and this contract is for services, or property, or something of value to be furnished by the other party, and such contract has been executed by the other party, and the county has received the benefit of such services, or property, or thing of value, it would then not be proper to allow the county commissioners to defeat an action for such services or property or thing of value, merely because the county commissioners and their clerk had failed to do their duty by making their records show all their acts and proceedings. In such a case, where the records do not show said contract, but are silent with reference thereto, the contract may be shown by parol evidence.

*Error from Lyon District Court.*

ACTION by *Gillett.* Trial, and judgment for costs in favor of the *Board of County Commissioners,* at September Term 1875 of the district court. *Gillett* brings the case here. The facts, pleadings and proceedings are fully stated in the opinion.

*Gillett & Forde,* for plaintiff.

*Buck & Cunningham,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to recover attorney-fees. The facts of the case, as shown by the evidence introduced, and by that offered to be introduced on the trial by

the plaintiff, who is now the complaining party in this court, are substantially as follows: In 1873, 1874 and 1875, the plaintiff was the county attorney of Lyon county. In 1873,

Statement of the case.

the county board, being in regular session, directed the plaintiff, as an attorney-at-law, to attend to a suit then pending in Harvey county, in which suit the county of Lyon was a party; and the plaintiff did so attend to said suit. In 1874, the county board, being again in regular session, directed the plaintiff as an attorney-at-law to attend to a suit in the supreme court, in which suit the county of Lyon was interested, and the plaintiff did so attend to said suit. No record was ever made of any of these matters in the county commissioners' records—(and because there was no record thereof, the court below refused to allow the plaintiff to prove these matters by parol evidence.) On July 16th 1875, the county board, being in regular session, the plaintiff presented his claim for his said services, properly sworn to, and the same was properly filed, but the board took no action with reference to the claim. In about a week afterward the board was again in regular session; but only two members of the board were present at this time, and they could not agree with reference to the plaintiff's claim, so they neither allowed it nor disallowed it. (This was proved by parol evidence, without any objection being interposed for that reason.) On the 7th of August 1875, the plaintiff commenced this action before a justice of the peace. The bill of particulars was entitled, "Lyon County, Kansas, to Almerin Gillett, Dr.," etc. But the original summons was issued against the "Board of County Commissioners," etc., and the action was prosecuted and defended in that name. Judgment was rendered in the justice's court in favor of the plaintiff, and the defendant appealed to the district court. In the district court the defendant demurred to the plaintiff's bill of particulars because of a supposed defect of parties defendant, and because of a supposed insufficiency in the statement of facts. The de-

murrer was rightfully overruled. The defendants then filed
an answer setting up five defenses, (and we here use the word
"defense" in its broadest sense)—first, a general denial;
second, a plea in abatement, that the plaintiff's claim had
never been presented to the county board; third, a plea in
bar, that the plaintiff's services were voluntary, and that
no contract had ever been made therefor; fourth, a plea in
abatement, that the plaintiff's claim had never been passed
upon by the county board; fifth, a counter-claim for money
paid to other counsel for services in the same cases in which
plaintiff claims he was employed. The plaintiff filed a gen-
eral denial in reply to this answer, and the case was tried
upon the issues so joined.

The plaintiff made no objection to trying said defenses in
abatement, nor to trying them at the same time with the
other defenses. And probably no such objection would have
been available even if made. (See civil code,
§§ 94, and 265 to 267, Gen. Stat. 648, 680; but
also, see *Rippstein v. St. L. Mu. Life Ins. Co.*, 57 Mo. 87.)
The judgment, however, if it were rendered on the defenses
in bar, would be a final determination of the subject-matter
of the action; while if it were rendered on the defenses in
abatement, it would not necessarily be final. The defendant
objected to the introduction of any evidence under the plain-
tiff's bill of particulars, on the ground that the said bill did
not state facts sufficient to constitute a cause of action. This
objection was properly overruled. The bill of particulars
not only stated one cause of action, but it in fact stated three
causes of action—not very formally or elaborately, it is true,
but still it stated them. It was not necessary that the bill
of particulars should have stated that the several
claims of the plaintiff had all been presented to
the county board for allowance, and had been acted upon by
them. Such a presentation of a claim constitutes no part of
a plaintiff's cause of action. It is merely a part of the mode
of procedure to enforce the causes of action already existing.

*Bill of particu-
lars; trial of
issues.*

*Presenting claim
to county
board.*

And if the plaintiff fails to resort to this mode of procedure, the failure is merely matter for defense — merely matter for plea in abatement, to be set up by the defendant itself.

The defendant also objected to the introduction of any parol evidence tending to show any contract on the part of the county commissioners authorizing the plaintiff to attend to said suits. This objection was sustained, and in this we think the court below erred. This evidence did not tend to contradict anything stated in the county commissioners' records, but simply to show facts which had actually occurred but had not been entered in the proper record-book of the commissioners' proceedings. Ordinarily, the records of the county commissioners furnish the best evidence of the acts and proceedings of such commissioners; but when such acts and proceedings amount in law to a contract, and this contract is for services, or property, or something of value to be furnished by the other party, and such contract has been executed by the other party, and the county has received the benefit of such services, or property, or thing of value, it would certainly not be proper to allow the county commissioners to then defeat an action for such services or property or thing of value, merely because the county commissioners and their clerk had failed to do their duty by making their records show all their acts and proceedings. This has virtually been so decided in the case of *Butler v. Comm'rs of Neosho Co.,* 15 Kas. 178. But we would now have to decide otherwise if we should now hold that the plaintiff in this action could not prove his said contract by any other evidence than by the county commissioners' records. We think he had a right to prove the same by parol evidence. While the statute (Gen. Stat. 263, § 44,) requires that the county clerk shall record all the acts and proceedings of the county board, yet there is no statute that renders such acts or proceedings void if not recorded, and no statute that makes the records of the county board the only evidence of their acts and proceedings.

The defendant claims that the error, if error there was,

in refusing to permit the plaintiff to prove his said contract by parol evidence, was wholly immaterial; and several reasons are urged for this claim, none of which however, are, in our opinion, sufficient. Even if a judgment should have been rendered in favor of the defendant on its pleas in abatement, still we think the error was material. For such a judgment would not be conclusive against the plaintiff's claim on its merits, while the judgment that was actually rendered would probably be conclusive. The judgment actually rendered was evidently rendered on the defendant's pleas in bar; and if allowed to stand would be conclusive and final against plaintiff's claims on their merits. We think however that the defendant was not entitled to a verdict even on its pleas in abatement. But we do not think it is necessary to discuss or decide this question now.

We suppose there can be no question as to the right of a person to sue a county on a claim for money where the county through its proper officers and agents refuses to pay such claim. *Leavenworth Co. v. Brewer,* 9 Kas. 307; *Armstrong v. Tama Co.,* 34 Iowa, 309. (But see *contra, Brown v. Otoe Co.,* 6 Neb., and 5 Cent. Law. Jour. 5.) Our statutes make counties *quasi* corporations, and provide that they may "sue and *be sued.*" (Gen. Stat. 253, 254, §§ 1, 5, 6.) And there is no statute providing otherwise. When a county refuses to pay its debts, it may "be sued" like any other corporation, or person, and no statute can be found providing otherwise. The refusal of a county, through its agents, to pay a debt, is no more a judicial determination that the county does not owe the debt, than the refusal of any other corporation, or person, through its or his agents, to pay a debt is a judicial determination that it or he does not owe the debt. The doctrine that suits against counties for debts may be maintained, is almost everywhere upheld by the courts.

*Liability of county.*

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.