Morgan v. Wilfley et al.

## MORGAN v. WILFLEY ET AL.

1. **Evidence:** PAROL TO AID MINUTES OF SCHOOL BOARD. Where the record of the proceedings of a school board showed that a motion was passed, but failed to show what the motion was, it was competent to prove by the secretary who made the record what the motion was.

2. ———: CUMULATIVE: EXCLUSION OF: ERROR WITHOUT PREJUDICE. The exclusion of evidence on a point which has been sufficiently established by other testimony is not prejudicial to the party offering it, and hence is no ground for reversal.

3. **Practice on Appeal:** CERTIFICATION OF EVIDENCE. The certificate of the judge, printed in the abstract, to the effect that the bill of exceptions contains all the evidence, is not sufficient to show that the abstract contains all the evidence.

*Appeal from Page District Court.*

THURSDAY, MARCH 10.

MANDAMUS to compel the defendant to remove a school-house from sub-district No. 1 to sub-district No. 9, in obedience to the action of the board of directors, or to erect the necessary school-house in sub-district No. 9. There was a judgment in accord with the prayer of plaintiff's petition. Defendants appeal.

*William Orr*, for appellants.

No appearance for appellee.

BECK, J.—I. The plaintiff at the trial introduced in evidence the minutes of the proceedings of the board of directors of the district township of East River. It showed that a certain motion was adopted, but failed to show what the motion was. Plaintiff was permitted to show, against defendants' objection, by the witness who was secretary when the motion was adopted, that it was to the effect that a new school-house be built in district No. 1, and the old house be removed to district No.

1. EVIDENCE: parol to aid minutes of school board.

Morgan v. Wilfley et al.

9. The admission of this evidence is now complained of by defendants. We think the court below ruled correctly. There was an apparent omission in the minutes, which was supplied by the evidence. The oral evidence did not impeach, contradict, or vary the contents of the minutes. It simply supplied an evident omission, and thereby applied it to its proper subject,—the record of the vote of the directors.

II. The defendants offered to prove that the directors had not complied with the vote to remove the school-house, for the reason that they had intended, pursuant to a petition presented to them, to redistrict the district township. The evidence was rejected. The facts proposed to be proved were testified to by other witnesses, except as to the petition. The material fact, the purpose which constituted their reason for failing to act, was testified to by other witnesses, and was before the court. Defendants were not prejudiced, therefore, by the ruling, so far as that fact was concerned. The other fact, the presentation of a petition, would not affect their determination to make new districts. We conclude that defendants suffered no prejudice from the ruling.

*2. ——: cumulative: exclusion of: error without prejudice.*

III. No other objections are urged against the judgment, except that it is not sufficiently supported by the evidence. But the abstract fails to show that we have before us all the testimony. It is nowhere so stated. The certificate of the judge, or a part of the bill of exceptions, is printed as a part of the abstract. It shows that the bill of exceptions contains all the evidence. We have often held that this is not sufficient to show that the abstract contains all the evidence.

*3. PRACTICE on appeal: certification of evidence.*

The judgment of the district court is

AFFIRMED.