ROCK CREEK TOWNSHIP, *in Pottawatomie County*, v. C. B. CODDING.

1. TOWNSHIP BOARD — *Parol Evidence to Supplement Record.* Where only a brief abstract of the proceedings of a township board is entered of record, and the question arises as to what the action of the board was, parol evidence is competent to supplement the record, and to show all its acts and proceedings.

2. ACCOUNTS, *to be Itemized — Payment Refused.* All accounts against the township should be itemized, verified and presented to the township board for allowance, but a strict and formal presentation is not essential before the commencement of an action on an account where the board has refused payment for other reasons.

*Error from Pottawatomie District Court.*

ACTION to recover $45.24. Judgment for plaintiff *Codding*, at the February term, 1887. The defendant *Township* brings the case here. The facts appear in the opinion.

*Thos. A. Fairchild,* for plaintiff in error.

*J. K. Codding,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover the sum of $45.24. There is a corresponding importance in the amount involved and the questions presented here for decision. C. B. Codding seeks to recover from Rock Creek township, in Pottawatomie county, the price of certain material furnished for the completion of two bridges on a highway of that township. The jury awarded him the amount of his claim, and the verdict has the sanction of the court. The principal contention is, that the verdict is not sustained by the evidence. That the material was furnished there is no doubt, and most of it was used for the purpose named. A. H. Roberts, the road overseer of that district, procured the material for the township. He testifies that he applied to the township board for material to construct the bridges, and thus make the highway passable. The board at first refused to furnish the material because it thought it could not afford the expense, but finally the inhabitants of the district proposed to build the abutments of the bridges at their own cost, and then the township board on that condition agreed to furnish the material to complete them, and directed him to buy the material when the abutments were built; and, upon this authority, he made the purchase. The authority to purchase is disputed by some of the township officers, but this dispute has been settled by the jury, and there being sufficient testimony, its conclusion upon that point is final. It is claimed, however, that the testimony of Roberts and others as to the action of the township board was incompetent. In § 4, chapter 168 of the Laws of 1885, it is

provided : "The clerk of said board shall keep a record of all the official acts and proceedings of the board, in a well-bound book, to be provided by the township for that purpose, which record shall be signed by the chairman and clerk." Plaintiff in error urges that as the proceedings of the board are required to be recorded, oral evidence cannot be substituted to show that which the records should contain, or anything that would vary or add to the same. The record of the township meeting at which the action was taken was offered in evidence, and is shown to be only a synopsis of the proceedings of the board. That portion of the record which refers to the matter in issue is as follows: "Board by motion agreed that if Road District No. 1 put in abutments for two bridges, 10 and 20 feet span, township would furnish plank for the same." The form of the motion or resolution upon which the action was taken is not given in the record, and it is apparent that only an abstract of the proceedings of the board was committed to writing. The testimony of Roberts does not in fact contradict the record, but only supplements it as to facts which occurred but were not entered in the record book. We think it was competent to show by parol evidence the resolution which was adopted, and also to show who was directed to purchase the material for the bridges. Neither the statute quoted nor any other renders any act or proceeding of the board void because it is not recorded, nor makes the records of the board the only evidence of their actions. (*Gillett v. Comm'rs of Lyon Co.*, 18 Kas. 410; *Rld. Co. v. Tontz*, 29 id. 460; *Rld. Co. v. Comm'rs of Stafford Co.*, 36 id. 121; *The State, ex rel., v. Comm'rs of Pratt Co.*, just decided; same case, 22 Pac. Rep. 722.)

Complaint is made because the court instructed the jury that it was unnecessary to consider the testimony as to whether or not Codding had presented his claim to the township board. There would be some cause for the complaint were it not that the board had declined payment for other reasons. Demands against the township when itemized and verified are to be presented to the township board for audit and allowance, and

ordinarily claims should be so presented before the action is brought thereon. (Laws of 1885, ch. 168, § 9.) The claim was presented to the township board in this case, but it is disputed whether or not it was verified. No objection was made at the time of presentation on account of the lack of verification, and the claim was refused upon the alleged ground that there was no authority in the overseer to obligate the township for the material furnished. In this state of the case the testimony relating to the presentation of the claim was unimportant, and hence the instruction was not error.

The judgment of the district court will be affirmed.

All the Justices concurring.