LOCHREN, District Judge.
The plaintiff below, an Iowa school-district corporation, recovered judgment against the defendant, a fire insurance company of Illinois, upon an alleged oral contract of insurance, claimed to have been made September 17, 1894,.whereby the defendant, through its authorized agent, for the premium of $56.25, then in the hands of such agent, insured the plaintiff’s schoolhouse and contents and appurtenant buildings from loss by fire in amounts aggregating $2,500, for the term of five years from October-11, 1894, at noon, when a previous written policy of the defendant company, covering the same schoolhouse, but with some differences-as to the other property, would expire. Up to November 2, 1894, when said schoolhouse and all the property so claimed to have been. *367 insured, was wholly destroyed by fire, said agent had neglected to report such insurance to the defendant, and had not obtained or delivered any written policy of such insurance. Blackert, the agent of defendant, with whom, as such agent, the oral contract of insurance was alleged to have been made, was at the same time one of the directors of the plaintiff school district, and the ruling by the circuit court that this fact did not disqualify him from binding the defendant by such contract is claimed as error.
The rule that an agent cannot bind his principal by contract when the agent is personally, or as representing another, interested adversely in the subject-matter, is founded upon plain reason, and is applied whenever the adverse interest of the agent is real and substantial, presenting a temptation to the agent to sacrifice the interest of the principal. But a merely nominal interest, offering no such temptation, will not disqualify the agent. 1 Mor. Corp. § 521; Northrup v. Insurance Co., 48 Wis. 420, 4 N. W. 350. Blackert was not, as school director, personally interested in the property insured, more than any other resident of the district. The power of an agent of an insurance company to bind his principal by a contract of insurance covering the public buildings of a municipality wherein the agent resides would not be questioned. In -this case the board of directors, of which Blackert was but one, by vote at a regular meeting selected and empowered its president to act for the district in making the contract of insurance. Blackert acted solely as agent of the defendant, and was not intrusted by the district with the care of its interests in making such contract. The contract itself was upon the same terms as the previous contract of insurance between the same parties, which covered substantially the same property, and there is no suggestion of fraud or unfairness in reference to the terms of the contract. We think the ruling of the circuit court was correct.
The alleged contract of insurance was shown to have been made . at a meeting of the board of directors of the plaintiff school district at which Blackert, as a director, was present. The plaintiff’s evidence tended to show that a motion was then adopted by vote of the directors, authorizing the president, on behalf of the district, to make the contract for insurance with Blackert as agent of the defendant. No record of this motion, or of its adoption, was made by the clerk on the minutes or record of the meeting, and the ruling of the circuit court that this action of the board, not having been so recorded, might be proven by oral testimony, is also alleged as error. This action of the board was part of its business at that meeting, and should have been recorded. But it was the vote of the directors which gave authority to the president to act on behalf of the district, and the negligence of the clerk in failing to record the action of the board could not nullify that authority. Had the clerk made the record, it would have been competent evidence, and the best evidence, of the action of the board. But, as he failed to make such record, the fact could be proven by the persons present. Moss v. Averell, 10 N. Y. 449, 453; Handley v. Stutz, 139 U. S. 417, 422, 11 Sup. Ct. 530; Athearn v. School Dist., 33 Iowa, 108; Morgan v. *368 Wilfley, 71 Iowa, 212, 32 N. W. 265; Westerhaven v. Clive, 5 Ohio, 136; Rock Creek Tp. v. Codding, 42 Kan. 649, 22 Pac. 741; School Dist. No. 1 of Township of Pine River v. Union School Dist., 81 Mich. 339, 45 N. W. 993. The school district for which the president acted does not question his authority, but ratifies his action. The oral contract of insurance claimed to have been made between the president and Blackert, though made at the meeting, was no part of the business of the board, and could only be proved by oral testimony.
Other assignments of error have been carefully considered, and found to present no question that need be discussed. The case was fairly presented to the jury, and the judgment is affirmed.