[Argued November 18; decided December 27, 1897.]

## STOUT v. YAMHILL COUNTY.

(51 Pac. 442.)

COUNTY COURT AS FISCAL AGENT.—A county court acting on the expediency and manner of repairing bridges in the public highway is acting as an agent of the county and not as a court: *Crossen* v. *Wasco County*, 10 Or. 111, and *Frankl* v. *Bailey*, 31 Or. 285, applied.

RECORDS OF COUNTY COURT—PAROL EVIDENCE.—Parol evidence is admissible to supplement the records of a county court as to proceedings of such court when sitting for the transaction of county business, since the court is then acting only as the agent of the county, and in such cases the records do not constitute the only evidence of what was done.

From Yamhill: GEORGE H. BURNETT, Judge.

This is an action by the firm of Stout & Martin to recover $1,010.80 for lumber alleged to have been sold and delivered by the plaintiffs to the defendant county. The complaint alleges that on the eighteenth day of June, 1894, the County Court of Yamhill

County, sitting for the transacting of county business, duly designated and appointed one of its members, J. J. Henderson, to superintend the repair of an approach to a bridge on the public highway across the South Yamhill River, between McMinnville and Dayton, or to rebuild the same in such manner as in his judgment would be for the best interests of the county; that, pursuant to this appointment, Henderson, on the nineteenth day of June, 1894, in the name and on behalf of the county, contracted with the plaintiffs for certain lumber to be used in the repair of such approach; that, in pursuance of this contract, the plaintiffs sold to the defendant, and delivered to Henderson for it, between the nineteenth day of June and the seventh day of August, one hundred and thirty-four thousand, seven hundred and forty-four feet of lumber at the agreed price of $7.50 per thousand, amounting in the aggregate to $1,010.80; that the lumber was sold and delivered to be used, and was used, in repairing the approach to such bridge, with the knowledge and consent of the defendant, and is now in use by the public; that on August 8, 1894, plaintiffs presented their claim to the county court, and on September 5 following the sum of $181.11 was allowed thereon, which the plaintiffs refused to accept. The answer admits the making of the order appointing Henderson superintendent of the repairs or rebuilding of the approach referred to, but denies that, in pursuance of such appointment, he made the contract with plaintiffs alleged in the complaint, or that they furnished to the defendant any lumber whatever to be used in repairing such approach, except to the amount

and reasonable value of $181.11, which amount had been duly allowed by the county court.

Upon the trial the plaintiffs, to sustain the issues on their part, gave in evidence a certified copy of an order of the county court "in the matter of rebuilding or repairing approach to the bride across South Yamhill River, between McMinnville and Dayton," of date June 18, 1894, appointing Henderson "to superintend the repair of said approach, or rebuild the same in the manner that, in his judgment, will be for the best interests of the county." They then offered to prove by parol that the order as entered by the clerk in the journal did not fully express the authority conferred upon Henderson by the county court, but that it actually authorized and empowered him to employ the labor and purchase the lumber and other material necessary to rebuild or repair such approach, as he might think best; that one of the plaintiffs was in attendance on the county court at the time this order was made for the purpose of contracting with such court to furnish the lumber necessary for the repair of the approach in question, and that he was informed by the members of the court, while it was in session, that Henderson, who was one of the county commissioners, had been appointed the agent of the county, with full power and authority to make all necessary contracts in reference to the matter, and that he should see him concerning the same; that he subsequently contracted with Henderson to furnish the lumber, and did so furnish it, and it was used by him in the repair of the approach to the bridge in question, and entered into and formed a part thereof; that

he subsequently filed with the county court a verified, itemized claim for the lumber so furnished, and that such court allowed thereon the sum of $181.11; that Henderson thereafter made a verbal report to the county court, while in session, of his doings in the matter of the repair of the approach to the bridge in question, and that such court at the time ratified and confirmed all his acts in relation thereto. But all this evidence was ruled out by the court as incompetent, and upon motion of the defendant a nonsuit was ordered, from which judgments the plaintiffs bring this appeal.

REVERSED.

For appellants there was a brief over the names of *George G. Bingham* and *Spencer & Talmage*, with an oral argument by *Mr. Bingham* and *Mr. S. S. Spencer*.

For respondent there was an oral argument by *Messrs. Samuel L. Hayden*, district attorney, and *W. M. Ramsey*, with a brief over the names of *Ramsey & Fenton*, to this effect:

County courts, when transacting county business, act as courts of record with a clerk, and all their proceedings must be entered of record. They are not mere boards: Consti., Art. VII., §§ 1, 12, 15; Hill's Ann. Laws, §§ 893, 896, 899, 903. County courts when transacting the mere fiscal affairs of the county, as for example, auditing bills, speak only by their records.

When an inferior court has jurisdiction of a matter its proceedings are to be judged the same as those of a superior court: *Dempster* v. *Purnell*, 3 M. & G. 375; 1 Black on Judgments, § 287.

A county court being a court of record, and the statute requiring its proceedings to be kept,of record, can speak only by its journal: *Douglas County Road Company* v. *Abraham,* 5 Or. 318–323; *Douglas County Road Company* v. *Douglas County,* 5 Or. 373; *Vaughn* v. *School District,* 27 Or. 57 (39 Pac. 395); *Moore* v. *Newfield,* 4 Me. 46; *Judson* v. *School District,* 38 Me. 170; *People* v. *Board of Supervisors,* 125 Ill. 334; *Tustin* v. *Gaunt,* 4 Or. 313.

In support of the proposition that where a court or other public tribunal is required to keep a record of its proceedings and has a clerk, parol proof is not admissible to contradict, aid, or supplement the record, or to show alleged proceedings where the record is silent, we refer to the following: *Berryman* v. *Granville,* 51 Ala. 507; *Stevenson* v. *Bay City,* 26 Mich. 44; *Hall* v. *People, etc.,* 21 Mich. 456; *Louisville* v. *McKegney,* 7 Bush (Ky.), 651, 652; *Taylor* v. *Heny,* 2 Pick. 397, 402; *Manning* v. *Glouscester,* 6 Pick. 6; *Andrews* v. *Boylston,* 110 Mass. 213; *Morrison* v. *Lawrence,* 98 Mass. 219; *Mayhew* v. *District, etc.,* 13 Allen, 129; 20 Am. and Eng. Enc. Law (1st ed.), 501, 503; *State* v. *Locket,* 54 Mo. App. 202; *Holt* v. *Moonch,* 5 Tex. Cir. App. 650; *Phelan* v. *County of San Francisco,* 5 Cal. 541; *Pennsylvania Railroad Company* v. *Montgomery Passenger Railway Company,* 27 L. R. A. 766; *School District* v. *Padden,* 89 Pa. St. 395.

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

The rulings of the trial court were evidently based upon the theory that Henderson's authority to make

the contract upon which this action is based could be proven only by the records of the county court, and that parol evidence was not admissible to supplement such record as to facts which actually occurred, but of which the clerk neglected to make a proper record. In this we think the court was in error. A county court, when exercising the authority and powers pertaining to county commissioners under section 896 of Hill's Ann. Laws, acts either as a court of inferior jurisdiction, or as the mere fiscal or managing agent of the county, according to the nature and character of the matter under consideration: *Crossen* v. *Wasco County*, 10 Or. 111; *Frankl* v. *Bailey*, 31 Or. 285 (50 Pac. 186). Its judicial proceedings must, like that of all courts, be proven by the record; but when it is acting as a mere managing agent in the transaction of the ordinary business of the county there is no law, statutory or otherwise, rendering invalid a contract made with or by its authority merely because such contract, or the authority of the person making it, is not entered in the records of the court, and there is no statute making the record the only evidence thereof. It is not the record, but the assent and agreement of the members of the court when in session, and acting as a court, which gives validity to the contract; and the negligence of the clerk in failing to fully record their proceedings cannot nullify their acts. If the clerk makes a complete record, as the statute seems to contemplate he shall do (section 903), such record is competent, and the best evidence of its acts, and perhaps cannot be contradicted by parol; but, if he fails to perform this duty, it is no defense

to an action against the county upon the contract as actually made. The reason is apparent. A party contracting with a county court has no power or authority to determine what shall or shall not be entered in the records. That is a matter which rests alone with the county officers, and the law will not permit prejudice or loss to such a party by reason of the negligence or intentional omission of the other contracting party to make the records of the court show all its acts and proceedings, but allows the omission to be supplied by parol. This rule has been recognized and enforced in many jurisdictions in cases similar to the one at bar and seems well settled: 20 Am. and Eng. Enc. Law (1st ed.), 501; 1 Dillon on Municipal Corporations, §§ 300, 301; Tiedeman on Municipal Corporations, § 108; *Gillett* v. *Commissioners*, 18 Kan. 410; *Chicago Railway Company* v. *Commissioners of Stafford County*, 36 Kan. 121 (12 Pac. 593); *Rock Creek Township* v. *Codding*, 42 Kan. 649 (22 Pac. 741); *Athearn* v. *Independent District*, 33 Iowa, 105; *Jordan* v. *Osceola County*, 59 Iowa, 388 (13 N. W. 344); *Morgan* v. *Wilfley*, 71 Iowa, 212 (32 N. W. 265); *Taymouth* v. *Koehler*, 35 Mich. 22; *School District* v. *Clark*, 90 Mich. 435 (51 N. W. 529); *German Insurance Company, of Freeport* v. *Independent School District of Milford*, 25 C. C. A. 492 (80 Fed. 366). It follows that the judgment of the court below must be reversed, and a new trial ordered.

REVERSED.