102    APPELLATE COURTS OF ILLINOIS.

Jackson v. School Directors of Dist. No. 85, 232 Ill. App. 102.

Reva Jackson, Appellant, v. School Directors of District No. 85, Grundy County, Illinois, Appellees.

Gen. No. 7,241.

1. SCHOOLS AND EDUCATION—*amendment of minutes of meetings of school directors.* A board of school directors has no power to amend the clerk's minutes of official meetings, kept pursuant to Cahill's Ill. St. ch. 122, ¶ 120, requiring the clerk to keep a punctual, orderly and reliable record of the board's official acts, to show that no contract of employment was made with a teacher when one was in fact entered into with her, the power to amend being limited to amendments to make the record show correctly all the proceedings of the board.

2. EVIDENCE—*admissibility of parol evidence to show omission from minutes of school meeting.* In assumpsit by a teacher against school directors upon an alleged contract of employment, parol evidence is admissible to show omissions from the amended minutes of the meetings of the board of directors at which action was taken in connection with her application for the school.

3. TRIAL—*legal effect of minutes of meeting of school directors as question of law.* In assumpsit by a teacher against school directors upon an alleged contract of employment, the legal effect of the minutes of the meetings of the directors at which action was taken on plaintiff's application for the school in question, is a question of law for the court, to be determined from the entire record, including amendments thereto, especially where the amendments were made long subsequent to the meetings and after commencement of action by the plaintiff and are contradictory of the original entries.

4. SCHOOLS AND EDUCATION—*when employment of teacher shown as matter of law by minutes of directors' meetings.* In assumpsit by a school-teacher against the directors of a public school district upon an alleged contract of employment, employment of plaintiff at a stated salary is shown as a matter of law by the minutes where the original entries show that she made application, which was taken up at a regular meeting and acted upon, the minute entry reciting, "Considered application of (plaintiff) at $80.00 per month. Carried. Board adjourned," although amendments made after commencement of the action purport to show that no final action was taken at such meeting and that clerk was merely instructed to see plaintiff relative to employment and to report her answer to the board and that thereafter another teacher was employed after the clerk had reported to the board that he had

hired plaintiff, where such amendments inferentially show plaintiff's employment and that they were made to suit the convenience of the action and avoid employment of plaintiff.

5. SCHOOLS AND EDUCATION—*admissibility of evidence in teacher's action in assumpsit on contract of employment.* In assumpsit by a teacher against school directors upon an alleged contract of employment, it was error to exclude the original minutes of the directors' meetings at which plaintiff's application was considered, which show as a matter of law that she was then employed at a stated salary, and evidence as to plaintiff's damages from breach of the employment on the ground that they were contradicted by amended minutes which she had not offered in evidence, where it appears that such amendments were made after she commenced action to suit the convenience of the action, and especially where such amendments tend in themselves to show her employment.

6. SCHOOLS AND EDUCATION—*when directed verdict against teacher suing for salary erroneous.* In assumpsit by a teacher against school directors upon an alleged contract of employment, it was error to direct a verdict for the defendants, where the minutes of the directors' meeting show as a matter of law that plaintiff had been employed at a stated salary, although they also show subsequently another teacher was also employed for the same school.

Appeal by plaintiff from the Circuit Court of Grundy county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed February 16, 1924.

FRANK H. HAYES, for appellant.

H. B. SMITH, for appellees.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Reva Jackson, began an action of assumpsit in the circuit court of Grundy county against appellees, who were the three school directors of District No. 85 in Grundy county, upon an alleged contract of employment as a school-teacher. At the close of the evidence, on behalf of the appellant, the court directed a verdict in favor of appellees, and this appeal was prosecuted.

The record shows that on May 27, 1921, appellant, who was a licensed school-teacher in Grundy county, made a written application to appellees for a position as teacher. On July 1, 1921, the three directors met and held a meeting, the record of which is as follows: "Board of Directors of Dist. 85 met at Ed Moore's to consider another application, as Miss Faletti declined the decrease. Considered application of Miss Reva Jackson at $80.00 per month. Carried. Board adjourned." Appellant offered to prove that Harlan J. Hunt, the clerk of appellees' board, was instructed to notify appellant of her appointment, and in compliance with these instructions, on July 5, 1921, he did so notify appellant; but this offer was excluded by the court. Appellant next offered the record of appellees, which showed that on August 9, 1921, a meeting was held by appellees, as follows: "Board of Directors met at Harlan Hunt's to consider the choice of the people which was Miss Faletti. Board informed Miss Jackson of their reconsideration of Miss Faletti's application after she decided to accept $80.00." On August 19, 1921, another meeting showed action as follows: "Board of Directors of Dist. 85 met at the home of Miss Faletti to take up the question of who was to teach the school. No conclusions." Objection to these offers were sustained upon the ground that a typewritten sheet was pasted in the record purporting to be an amendment made December 11, 1922, to the minutes of July 1, August 9 and August 16, which typewritten sheet tended to disprove the alleged contract. This amendment was not included in the offer of appellant.

Appellant offered to prove that on the morning school opened, Miss Faletti and appellant reported at the school, and the three members of the board were there. Onie Onsen, one of the members, made a motion that one of the teachers be asked to resign. Harlan Hunt objected and said it would be unfair. Onsen and Moore, two of the members of the board, said they

were for Miss Faletti. John Jackson, the father of the appellant, said, "What will you do for Reva?" And Onsen replied, "We will apologize to her and that is all we will do." Jackson said, "Well, you hired her." Onsen said, "We would not have hired her if Harlan Hunt had told us the truth about Miss Faletti not taking the school." Appellant also offered to prove that at a meeting of the members of the board in the office of the county superintendent at Morris, in September, 1921, they submitted to the county superintendent their record. After examining it, he said "Your record shows that you hired Miss Jackson on the 1st day of July, 1921, and further shows that you hired Miss Faletti on August 9, 1921, now, why did you do this?" And Onsen replied, "We wouldn't have hired Miss Jackson only that we understood that Miss Faletti would not take the school, and Harlan is to blame for this mixup." Appellant also offered to prove that appellees never paid any wages on the contract; that she had a certificate to teach for three years, issued August 20, 1921, by the county superintendent; that she could not get any other employment for three months and thereafter got a school at $70 per month for six months, and paid $124 for traveling expenses on account of the distance that school was from her home. Objections were sustained to all these offers of parol evidence.

In April of 1921, Hunt's term as a director expired, and John Phillips was elected in his place. Appellant began suit on March 26, 1922, and the case was set for trial for December 13, 1922. On December 11, 1922, the directors held a meeting and amended their minutes of July 1, 1921, to read as follows: "Board of Directors of District No. 85, met at the home of Ed Moore in said district on the first day of July, A. D. 1921, pursuant to notice. Harlan J. Hunt, Clerk of said Board, reported that Miss Josephine Faletti, who had taught the school in said district the previous year, refused to teach the coming year, or any part

thereof, at a decrease in salary. Whereupon, the board considered the other applications presented to them by persons desiring to teach said school. After due consideration of said applications, the members of said board instructed Harlan J. Hunt, Clerk, to see Reva Jackson, one of the applicants, and ask her if she would teach said school for $80.00 per month, and report her answer to this board.'' The minutes of August 9, 1921, were amended to read as follows: ''Board of Directors of District No. 85, met at Harlan J. Hunt's home the 9th day of August, A. D. 1921, to further consider the question of hiring a teacher for said school, and thereupon the said Harlan J. Hunt informed the Board of Trustees of said School District No. 85, that he had told Reva Jackson that she had been hired and thereupon the members of said Board informed the said Harlan J. Hunt, Clerk, that they preferred Miss Josephine Faletti as teacher, and that he, the said Harlan J. Hunt, should so inform Miss Reva Jackson.'' The minutes of August 16 were amended to read as follows: ''The Board of Trustees of District No. 85 met at the home of Miss Faletti to discuss with her her application to teach said school in said District No. 85 for the ensuing year and informed the said Miss Josephine Faletti that they had hired her as teacher in said District 85 for the ensuing year.'' This amended record was not offered in evidence in the case but has been included in the bill of exceptions by the trial court. It was on account of these amended minutes that the trial court refused to admit in evidence the original minutes, and they formed the basis for the directed verdict for appellees.

As a ground for reversal, it is urged that the court improperly excluded these various items of evidence above recited, improperly directed a verdict, and improperly permitted appellees to contradict, change and falsify their records after issues were joined in the case.

Section 112, ch. 122, of the statutes [Cahill's Ill. St. ch. 122, ¶ 120], provides that the clerk of a board of school directors shall keep in a punctual, orderly and reliable manner, a record of the official acts of the board. If the record truthfully states the facts and all of the facts then by this record the official acts of the board are to be determined. If the record does not state any of the facts, or does not recite all of the facts, a different rule applies. The statute does not make the record kept by the clerk the only evidence of the action of the board. If the record does not correctly state the facts, the directors have a right to amend the record to make it correctly show all of the proceedings. *Ferguson v. Trustees of Schools,* 168 Ill. App. 225; *Adams County v. City of Quincy,* 130 Ill. 566; *Du Page County v. Highway Com'rs Town of Winfield,* 142 Ill. 607; *Board of Education of Glencoe v. Trustees of Schools,* 174 Ill. 510; *People v. Zellar,* 224 Ill. 408; *People v. Carr,* 265 Ill. 221. This is the limit of the power of the board to amend their records. The board is without authority to amend their records to suit their pleasure, or convenience, or to set up a state of facts which never existed. If the record truthfully shows an employment and that a contract was entered into, the board is without authority to amend the record so as to show that no contract in fact was entered into. After an amendment, if there is any omission and the record does not show all of the facts, parol evidence is admissible to show the omission. *Vermilion County v. Knight,* 2 Ill. 97; *Franklin County v. Layman,* 145 Ill. 138; *School Directors v. Kimmel,* 31 Ill. App 537; *National Bank of Decatur v. Board of Education,* 205 Ill. App 57. The determination of the legal effect of what the written record shows is a question of law for the court.

In determining the legal effect of this record it will be necessary to consider the entire record including the original entries and the amendments thereto. It is undisputed that appellant made written application

for the position. There was a meeting on July 1. The minutes of this meeting are not skilfully drawn and are indefinite and uncertain as to the language used, but they show that the application of appellant was considered. If that was all that was done at the meeting, simply to consider the application, it was not necessary to add to the minutes the word "carried." We think this word is of particular significance in this record, and tends very strongly to show that a motion was carried to employ the appellant. Appellant offered to prove by parol that the clerk informed her on July 15, after this meeting, that she had been employed and this the court refused to admit. The amendment of this record on December 11, 1922, shows that appellees instructed the clerk to see appellant, and the amendment of August 9 shows that the clerk did see appellant as requested and reported to appellees that he had told appellant that she had been hired. The amended minutes of July 1 pretend to show that appellees instructed the clerk to see appellant and ask her if she would teach the school for $80 per month and report her answer to the board. The amended minutes of August 9 show that the clerk reported that he had seen the appellant and informed her that she had been employed. The appellees informed the clerk that they preferred Miss Faletti and that he should so inform appellant. If appellant was not employed as the original minutes show, and Miss Faletti was employed, it is difficult to understand why the original minutes of August 16 show that appellees met at Miss Faletti's house to take up the question as to who was to teach the school and that no conclusion was reached at that meeting. If appellant was not employed on July 1, then the meeting of August 16 was unnecessary. If the board, on August 9, 1921, had not employed the appellant, it was not necessary to inform the appellant of their reconsideration of Miss Faletti's application as shown by the minutes of August 9. From a consideration of the original and

amended minutes, we think it appears that the appellees determined to reduce the salary of the teacher and Miss Faletti refused to accept this reduction. Appellant made her application, it was considered and she was elected. Subsequently, for some reason not appearing in the record, Miss Faletti reconsidered her decision not to teach at a reduced salary, and the appellees sought to employ her. To avoid the employment of the appellant, the changes in the minutes were made to suit the convenience of the lawsuit. Instead of showing that there was no contract of employment of appellant, the amended minutes show that there was an employment.

For these reasons the trial court was in error in excluding the original minutes, the testimony of appellant with reference to her damages, and in directing a verdict, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*