[Civil No. 3970. Filed December 19, 1938.]

[85 Pac. (2d) 708.]

TOLLESON UNION HIGH SCHOOL DISTRICT, Appellant, v. HORACE KINCAID, Appellee.

Mr. John W. Corbin, County Attorney, and Mr. Lin Orme, Jr., his Assistant, for Appellant.

Mr. Austin O'Brien and Mr. E. J. Hilkert, for Appellee.

McALISTER, C. J.—H. Kincaid was awarded judgment against the Tolleson Union High School District for $625, with interest, for services as principal of the high school maintained by that district, and from that judgment the defendant appeals.

The facts which give rise to the action are these: In June, 1928, the plaintiff was employed as princi-

pal of the Tolleson Union High School for the year beginning June 1, 1928, and on February 18, 1929, he and the board of education of that district entered into a written contract by which he agreed to serve as principal for a term of four years from the first day of June, 1929, and the board agreed to pay him for his services $3,250 the first year and $250 additional each year thereafter during the life of the contract, the salary to be paid each year in twelve equal monthly instalments. This contract was carried out during the first, second and third years of its life but on May 25, 1932, just prior to the beginning of its fourth year, the board, due to the economic condition then prevailing and the consequent inability of the district to collect taxes to conduct the school, took the following action at a special meeting, the plaintiff being present and serving as secretary:

"Discussion of teachers salaries: Teachers were re-elected at salaries as follows:

|                 | per month |                          |
|-----------------|-----------|--------------------------|
| J. F. Paxton    | $170.00   | $1700.00 for 10 mos.     |
| E. I. McCreight | 170.00    | 1700.00     do           |
| W. Fred Miller  | 185.00    | 1850.00     do           |
| Geneva Hofmann  | 155.00    | 1550.00     do           |
| Lorna McMonagle | 155.00    | 1550.00     do           |
| H. Kincaid      | 300.00    | 3600.00 for 12 mos.      |

"Motion made by Mr. Van Landingham, seconded by Mr. Roop that the above teachers be given contracts for a period of eight months, to be extended for a full term of 10 months, if financial conditions warrant. Carried."

On June 27th following this action the plaintiff prepared for the board a budget for the district for the year 1932–1933 in which he set up his salary as principal at $3,600 or $300 per month, and from June 1, 1932, to June 1, 1933, he made out his salary vouchers monthly for that sum, instead of $333.33 as the contract of February 18, 1929, provided for that year, and accepted payment in that amount.

The foregoing facts are not in dispute but the plaintiff was permitted to testify in substance over the objections of the defendant that at a meeting of the board on May 25, 1932, when the teachers were elected for the following year at reduced salaries, there was a discussion of the financial condition of the district and its possibility of continuing school for the next year for the required length of time and that he, because the district was then in the red on account of these conditions, agreed to accept $3,600 of the $4,000 fixed by the written contract as salary for that year, but it was suggested that there would be a way found perhaps later after conditions improved to take care of the $400 balance and that he expected it would be paid him when the district was in better condition. A member of the board at that time, Mr. R. K. Wood, testified in effect that he gained the same impression and Mrs. Nora Mann, also a member of the board, testified that they talked of the financial condition of the district and that they had to cut salaries but that she did not hear plaintiff say that he approved the cut or didn't, and that the board did not take any action to "supersede or modify" plaintiff's four-year contract.

Two other members of the board at the time testified, upon the other hand, that plaintiff himself suggested that the teachers take a ten per cent. cut the next year, one of them stating that he said he would "knock off" the $400, and that there was no understanding that it would be paid him in the future.

On May 17, 1933, the plaintiff was re-employed as principal for the year beginning July 1, 1933, at $225 per month for twelve months, the minutes which he recorded as secretary showing his acceptance, and on May 7, 1934, he was again employed for the year beginning July 1, 1934.

Pursuant to the action of the board on May 17, 1933, a written contract, to begin July 1, 1933, was entered into on June 28th and the four-year contract, whether modified or not on May 25, 1932, ended May 31, 1933; hence the month of June, 1933, was included in neither. So on June 24, 1935, just prior to the expiration of the contract entered into in 1934 and the severance of his relations with the Tolleson district, he drew a voucher in the sum of $300 for his salary for the month of June, 1933, and in connection therewith wrote the board stating that this sum was not paid him on account of financial conditions at the time, but that the suggestion was made then that some way would be found to take care of it when the district got out of the red, and that it was then in good condition. The board did not pay the claim upon presentation but took time to consider it and while doing so plaintiff sent it several communications concerning the claim.

In none of these letters, however, did plaintiff make reference to any other claim he had against the district, but on December 7, 1935, he mailed to the clerk and the president of the board what he termed a deferred salary claim against the district in the sum of $826.78, which was composed of these items: $400 or $33.33 per month for the year beginning June 1, 1932, with interest on each $33.33 from the date it became due; and $300 for the month of June, 1933, with interest thereon from July 1, 1933. This claim was not paid, so early in 1936 plaintiff filed this action, and the third amended complaint on which it was tried states two causes of action. The first sets up the four-year contract, its full performance by the plaintiff, and a balance of $400 due thereon; and the second was in *quantum meruit* for his services for June, 1933, the reasonable value thereof being placed at $300. In both causes interest on the sums found to be due was claimed.

In answering the first cause of action, the defendant admits that under the four-year contract the amount agreed to be paid plaintiff for the year 1932–1933 was $4,000 but alleges that on May 25, 1932, due to economic conditions and inability of the district to collect the taxes to conduct school, the plaintiff agreed to accept $3,600 for that year; that this agreement, which was entered in the minutes of the board of that date, has been fully executed and the plaintiff paid the full amount he was entitled to thereunder; and that by accepting $3,600 as salary for the year 1932–1933, the plaintiff waived his right to claim any further amount under the contract.

The answer to the second cause of action was a general denial.

The court found in the first cause of action that the plaintiff performed fully under his four-year contract but that he received for those services only $14,100 instead of $14,500, thus leaving a balance of $400 still due him; that there was no subsequent agreement between the plaintiff and defendant to modify the contract with respect to the amount to be paid thereunder and that the $400 withheld was a temporary reduction to be paid at a later date. The conclusion was that the plaintiff never received payment of the $400 and that the defendant was still indebted to him for it. Such was its judgment.

In the second cause of action the court found that in June, 1933, plaintiff, with the knowledge of defendant, rendered services as principal; that these services were directed and accepted by the defendant; that there was no understanding that plaintiff should render them without compensation; and that they were of the reasonable value of $225. From this finding the court concluded that the defendant employed plaintiff as principal for the month of June, 1933, and that the acceptance of his services with knowledge of

their performance and the retention of the benefits thereof constituted a contract of employment entitling him to recover, even though the contract was not in writing. Hence the judgment in his favor.

■■ The defendant appeals from the judgment in both causes of action and in its attack upon the holding that the plaintiff is entitled to recover the balance of $400, it assigns several errors but we will consider first the contention that the evidence does not support the finding that the parties did not modify the four-year contract on May 25, 1932, as to the amount to be paid him and that the $400 withheld during that year was a temporary reduction only. The testimony of the plaintiff was, in substance, that the district was then in the red on account of depressed financial conditions and that it did not appear that they would be able to run the school the required length of time the following year, so it became necessary to reduce expenses. Thereupon the teachers were employed for the following year at lower salaries and the plaintiff agreed to work for $3,600 instead of the $4,000 the contract he already had called for, though he testified that he did not forego the extra $400 entirely but merely postponed the time of its payment until the district should be out of the red and able to take care of it. These statements by him were in effect corroborated by one member of the board, and another testified that the board took no action to supersede or modify plaintiff's four-year contract, though there was testimony by still other members that all the teachers, plaintiff included, took a ten per cent. cut and that he stated that he would "knock off" this much from his salary for the next year. After hearing the testimony on both sides of the question and considering it in connection with the minute entry of May 25, 1932, the court accepted that in behalf of the plaintiff as correct and found that the waiver of payment of ten per cent.

of $4,000 was temporary only. The evidence was sufficient to support that finding and it is wholly immaterial whether this court would have reached the same conclusion. Its hands are, so to speak, tied by it and in disposing of the appeal it is necessary that it be given effect in so far as it is material. It is an oft-repeated and fundamental rule that this court accept findings of the trial court where the evidence, though in dispute, is sufficient to sustain them.

The defendant contends further that even though the understanding between the parties on May 25, 1932, was that plaintiff would merely forego the payment of a portion of his salary, that is, until the district should again become in good condition financially, parol evidence thereof was not admissible for the reason that it would have the effect of enlarging or restricting the minutes of its proceedings. In support of this contention he cites section 1028, Revised Code of 1928, which provides that ''The clerk of the board [of school districts] shall keep a record of its proceedings,'' and McQuillin on Municipal Corporations, second edition, volume 2, section 653, stating that

''The general rule that parol evidence is inadmissible to supply omissions, contradict or explain records, applies to proceedings showing corporate action of parishes, school districts, etc.''

Just a few pages on in the volume, however, section 655, this same author states that the rights of creditors and third persons cannot be destroyed by the negligence of corporate officers to keep a proper record, and the authorities seem to agree that parol evidence may be admitted to show omissions from the minutes of a school meeting. The statutes of Illinois require the clerk to keep a record of the official acts of the school board, and the court in that state, after stating in *Jackson* v. *School Directors of Dist. No. 85,* 232 Ill. App. 102, that if the record does not cor-

rectly record what occurred, held that the directors have the right to amend it to show the proceedings correctly, and that even "after an amendment, if there is any omission and the record does not show all of the facts, parol evidence is admissible to show the omission." See *County Board of Education* v. *Jasper,* 193 Ky. 222, 235 S. W. 366; *German Ins. Co.* v. *Independent School Dist. of Milford,* (8 Cir.) 80. Fed. 366; 56 C. J. 339, paragraph entitled, "Conclusiveness and effect"; *Western Paint & Chemical Co.* v. *Board of County Commrs.,* 171 Okl. 302, 42 Pac. (2d) 533; *Rock Creek Tp.* v. *Codding,* 42 Kan. 649, 22 Pac. 741; *Morgan* v. *Wilfley,* 71 Iowa 212, 32 N. W. 265; *Roland* v. *Reading School Dist.,* 161 Pa. 102, 28 Atl. 995; *Westerhaven* v. *Clive,* 5 Ohio 136.

■ The minute entry, "teachers were re-elected at salaries as follows: . . . H. Kincaid, $300.00 per month, $3600 for 12 mos," was not the contract itself, even in modified form, but merely written evidence of the fact that the board had modified it as to the amount to be paid plaintiff the next year, his agreement thereto being shown by his subsequent acts. But in view of the testimony in behalf of the plaintiff and the finding of the court that the payment of the $400 was not waived permanently but merely postponed until the district should be in good financial condition, which we cannot avoid accepting as true, the parol testimony did not change the minute entry but merely added to or supplemented it. Plaintiff did not deny that he was to be paid only $3,600 the next year, as the minutes show, and the entry to that effect was not modified by the oral testimony that the understanding was that he would receive the other $400 at a later time, that is, when the district's finances should be in good condition, but was merely added to by supplying an omission. This, coupled with the fact that the statutes of this state do not, either directly or by necessary im-

plication, make the records of the boards of school districts the only evidence of their actions, renders the following statement in *Rock Creek Tp.* v. *Codding, supra*, especially applicable (p. 742):

"The testimony of Roberts does not in fact contradict the record, but only supplements it as to facts which occurred, but were not entered in the record book. We think it was competent to show by parol evidence the resolution which was adopted, and also to show who was directed to purchase the material for the bridges. Neither the statute quoted, nor any other, renders any act or proceeding of the board void because it is not recorded, nor makes the records of the board the only evidence of their actions."

██ It is further urged by the defendant that even though it was the understanding of the parties that the reduction in plaintiff's salary for 1932–1933 was temporary only and that he would be paid the balance of $400 when the district should again be in good financial condition, such an agreement is illegal and void for these reasons: First, it is not in writing; second, it is too vague and indefinite in that the payment was to be made at some future unknown time; third, the law contemplates that a budget for each year's expenses shall be prepared and taxes levied therefor and that one board cannot encumber the income of the district in future years merely to pay teachers for the ensuing year. The four-year contract of the plaintiff was in writing and there is no reason why he, with the approval of the board, could not forego the payment of a portion of his salary thereunder until some future date and collect it later on by action, provided he moves within the period of limitation. It may be that a judgment of this character could not be enforced during the school year in which it is rendered, since the amount it calls for may not have been budgeted, but this would not make it illegal or void; it would mean merely that the amount of the

judgment should be included in the school district's budget for the following year.

In the second cause of action the plaintiff sought to recover the reasonable value of his services for June, 1933, because that month was not included in either the written contract ending May 31, 1933, or the one beginning July 1, 1933. The findings of the court, however, were that plaintiff rendered services as principal that month with the knowledge of the defendant; that his services were directed and accepted by the defendant; that there was no understanding that he would render them without compensation, and that the reasonable value thereof was $225. From these findings the court concluded that the plaintiff was employed by defendant as principal during the month of June, 1933, and that the acceptance of his services with knowledge of their performance and the retention of the benefits thereof constituted a contract of employment entitling him to recover. The evidence was ample to support these findings and in view of what we have said in discussing the other cause of action it is necessary to consider only whether plaintiff could recover for the reasonable value of his services for June, 1933, in the absence of a written contract covering that month.

Section 1011, subdivision 3, Revised Code of 1928, provides that boards of trustees shall "employ under written contract, all employees of the schools" and this, defendant contends, prevents a judgment in plaintiff's favor for services rendered pursuant to an oral contract. Under the rather recent holdings of this court that one may recover from a municipality for the reasonable value of goods or services furnished, not merely where there is an irregularity in the making of the contract (*Hermance* v. *Public School Dist. No. 2*, 20 Ariz. 314, 180 Pac. 442) but where the failure amounts to a substantial defect, as in the direct

violation of an ordinance regarding the manner in which a municipal corporation shall enter into a contract, the party performing under an oral contract may recover for his services in *quantum meruit*. *Town of Holbrook* v. *Girand,* 52 Ariz. 291, 80 Pac. (2d.) 695; *Greenlee County* v. *Webster,* 30 Ariz. 245, 246 Pac. 543; *Yuma County* v. *Hanneman,* 42 Ariz. 561, 28 Pac. (2d) 622. In all of these cases the following statement in *Hill County* v. *Shaw & Borden Co.,* (9 Cir.) 225 Fed. 475, 140 C. C. A. 523, was referred to with approval (p. 477):

"It is a doctrine of the courts, however, now well established, that sanction will be given a cause of action proceeding as for *quantum meruit,* or for recovery of property or in trover, where the property has been converted, aside from the contract and independent thereof, where the contract is merely *malum prohibitum,* not *malum in se* nor involving moral turpitude, and does not contravene public policy, and where the statute imposes no penalty for its infraction. This upon the principle that the courts will always try to do justice between the parties where they can do so consistently with adherence to law."

■ A school district is a municipal corporation against which *quantum meruit* lies the same as it does where a town, city or county is involved.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.