278 P.2d 430

The COUNTY OF PIMA, a body politic, & Lambert Kautenburger, Thomas Jay & Charles Lamb, as members of the Board of Supervisors of said County, Plaintiffs-Appellants,

v.

SCHOOL DISTRICT NO. ONE OF PIMA COUNTY, Arizona, a body politic & Municipal Corporation, & Delbert Secrist, Oliver Drachman & Robert Salvatierra, as the Board of Trustees of said School District, Defendants-Appellees.

No. 5971.

Supreme Court of Arizona.

Dec. 31, 1954.

Morris K. Udall, County Atty., Tucson, for appellants.

Ashby I. Lohse, Tucson, for appellees.

PHELPS, Chief Justice.

This is an appeal from a judgment of the Pima County Superior Court declaring void a cooperative contract between the county of Pima and the board of trustees of School District No. 1 of Pima County.

The contract involved in this case provides for the construction of swimming

pools and other facilities on property owned by the school district. Said property is to be leased by the District to the County for a period of 20 years. Under the terms of the contract the County is to bear the entire cost of construction of two swimming pools in different areas in the District. At the end of 20 years the property including all improvements made thereon is to revert to the District unless the parties prior thereto mutually agree to continue such lease and the cooperative agreement.

The agreement provides for certain facilities to be constructed at the cost of the District and for joint use of the pools by taxpayers, school children and residents of the District and of the County. The school is to have priority in the use of the pools and facilities during limited portions of the year. The program established by the Pima County Park and Recreation Committee is to have second priority and any other groups or agencies to have third priority. Each party is required to secure such public liability insurance as shall be necessary for its own protection.

Provisions are made for change of the schedules established at the request of either party.

The duties and obligations of the County under the agreement are to be performed under the direction of the Pima County Park and Recreation Committee supervised however by the County except that all of the activities are subject to the supervisory control of the principal of the high school where the working hours of the County personnel are integrated with the school hours.

Expense of maintenance and operation although primarily the function of the Pima County Park and Recreation Committee are to be prorated between the County and District according to the use made of such facilities. The prorate is to be ascertained through negotiations between the director or other representative of the Pima County Park and Recreation Committee and the superintendent of the School District. Other details in management and expense are outlined but we deem their recitation unnecessary.

On the same day the above contract was executed Pima County instituted this action against School District No. 1 and its board of trustees, the other party to the contract, under the Declaratory Judgment Act seeking a determination of the validity of said contract with the result above stated.

The School District admitted all of the allegations of the complaint and prayed for a determination by the court that the contract is either valid or invalid. In its brief, however, it contends that it had authority to execute such a contract but that the County is without authority to do so. Under permission of the court a brief amicus curiae has been filed contending that the contract is invalid upon several grounds.

Appellant has assigned two errors:

1. That the trial court erred in holding that a school district was not a municipality within the meaning of Chapter 16, Article 15 of the Arizona Code Annotated, 1939 as amended (we find no amendment thereto).

2. The trial court erred in holding that a school dictrict and a county did not have the authority to enter into cooperative agreements concerning the creation of recreational facilities.

It argues that a school district is a municipal corporation and therefore falls within the purview of section 16–1503, A.C.A.1939, upon which it relies. This act provides in part that:

"*Cooperative agreements.*—The governing body of a county or municipality may enter into a cooperative agreement with the governing body of another county or municipality, within or without the state, for the establishment, development, or maintenance of a public park. * * *"

It cites as authority in support of this contention State v. Davey, 27 Ariz. 254, 232 P. 884; Tolleson High School District v. Kincaid, 53 Ariz. 60, 85 P.2d 708, and Ramirez v. Electrical District No. 4, 37 Ariz. 360, 294 P. 614.

These cases are not in point. It is true they hold school districts to be municipal corporations for the purposes involved in litigation in those cases but none of them fall within the provisions of Chapter 16, Article 15, A.C.A.1939, sections 16–1501 to 16–1507, inclusive, relating to public parks. This statute defines a municipality to mean "An incorporated city or town."

■ It is well settled that where a statute expressly defines certain words and terms used in the statute the court is bound by the legislative definition in all cases where the rights of the parties litigant are based upon that statute. 82 C.J.S., Statutes, § 315, page 536; Sisk v. Arizona Ice & Cold Storage Co., 60 Ariz. 496, 141 P.2d 395; Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528, 173 A.L.R. 480. 82 C.J.S., Statutes, § 315, page 539, states that:

"No objection can be made because the statutory definition differ from definitions of the same terms in other statutes, or in other parts of the same statute. * * *"

■ Appellant further contends that Article 13, Section 7 of the Arizona Constitution which became operative in 1940 subsequent to the enactment of Chapter 16, Article 15, supra, had the effect of giving to various *improvement districts* all the rights, privileges and benefits which have been granted to municipalities by the constitution and laws of the state. Article 13, Section 7 provides:

"(Improvement districts political subdivisions).—Irrigation, power, electrical, agricultural improvement, drain-

age, and flood control dictricts, and tax levying public improvement districts, now or hereafter organized pursuant to law, shall be political subdivisions of the state, and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions under this Constitution or any law of the state or of the United States; but all such districts shall be exempt from the provisions of sections 7 and 8 of article 9 of this constitution. (As added by initiative petition adopted Nov. 5, 1940. Effective Nov. 27, 1940.)"

Assuming that Article 13, Section 7 of the constitution does have this effect, what then? A school district is in no sense of the word an improvement district. A school district is a corporation organized for educational purposes. Hamilton v. San Diego County, 108 Cal. 273, 41 P. 305. An improvement district as such nowhere appears in Article 13, Section 7 of the Arizona Constitution except in the title nor does the term "school district" appear therein. Irrigation, power, electrical, agricultural improvement, drainage and flood control districts may all be improvement districts but by no stretch of the imagination can a school district be held to be an improvement district nor a tax-levying public improvement district. We therefore hold that under the provisions of Section 16-1503, supra, a school district is not

a municipality as defined therein and that the County was without authority to enter into the cooperative contract with School District No. 1 of Pima County involved in this litigation and that said contract is null and void.

The judgment of the trial court reached a correct result in declaring the contract void and its judgment is therefore affirmed.

STANFORD, UDALL, LA PRADE and WINDES, JJ., concur.